UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
                                                         :
IN RE STATE STREET BANK AND TRUST                        :
CO. ERISA LITIGATION                                     :
                                                         :
This document relates to:                                :
                                                         :     07 Civ. 8488 (RJH)
07 Civ. 8488                                             :
07 Civ. 9319                                             :
07 Civ. 9687                                             :
08 Civ. 0265                                             :
                                                         :
---------------------------------------------------------X

**REPLY IN SUPPORT OF STATE STREET'S MOTION TO TRANSFER**
**<u>VENUE PURSUANT TO 28 U.S.C. § 1404(a)</u>**

# TABLE OF CONTENTS

**Page**

I.   The Prevalence of Key Party and Non-Party Witnesses in Massachusetts
     Compels Transfer ..................................................................................................... 1

II.  The Convenience of the Parties Favors Transfer ................................................... 4

III. The Locus of Operative Facts Is Squarely in Massachusetts ................................. 5

IV.  Plaintiffs' Choice of Forum Is Due Little Deference .............................................. 7

V.   The Interests of Justice Support a Transfer ............................................................ 9

Conclusion ........................................................................................................................ 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Am. Alliance Ins. Co. v. Sunbeam Corp.*,
  No. 98 Civ. 4703, 1999 WL 38183 (S.D.N.Y. Jan. 28, 1999) .................................................... 4

*Bd. of Trs. v. Baylor Heating & Air Conditioning, Inc.*,
  702 F. Supp. 1253 (E.D. Va. 1988) ............................................................................................ 8

*Bd. of Trs. v. Sullivant Ave. Props., LLC*,
  508 F. Supp. 2d 473 (E.D. Va. 2007) ......................................................................................... 8

*Brozoski v. Pfizer Inc.*,
  No. 00 Civ. 4215, 2001 WL 618981 (S.D.N.Y. June 6, 2001) ................................................... 3

*Butcher v. Gerber Prods. Co.*,
  No. 98 Civ. 1819, 1998 WL 437150 (S.D.N.Y. Aug. 3, 1998) ............................................ 2, 9

*Cartier v. D&D Jewelry Imps.*,
  510 F. Supp. 2d 344 (S.D.N.Y. 2007) ........................................................................................ 9

*Cent. States, Se. & Sw. Areas Pension Fund v. Lewis & Michael, Inc.*,
  992 F. Supp. 1046 (N.D. Ill. 1998) ............................................................................................. 8

*Cent. States, Se. & Sw. Areas Pension Fund v. Davidson*,
  No. 06 C 6979, 2007 WL 722889 (N.D. Ill. Mar. 8, 2007) ................................................... 7, 8

*Cent. States, Se. & Sw. Areas Pension Fund v. White*,
  No. 99 C 1049, 1999 WL 447059 (N.D. Ill. June 25, 1999) ...................................................... 8

*Chichelo v. Hoffman-LaRoche, Inc.*,
  No. 97 Civ. 4591, 1997 WL 654637 (S.D.N.Y. Oct. 21, 1997) ................................................. 6

*Citigroup Inc. v. City Holding Co.*,
  97 F. Supp. 2d 549 (S.D.N.Y. 2000) .......................................................................................... 3

*Cohn v. Metro. Life Ins. Co.*,
  No. 07 Civ. 0928, 2007 WL 1573874 (S.D.N.Y. May 31, 2007) .......................................... 6, 8

*Cuzzupoli v. Metro-North Commuter R.R.*,
  No. 02 Civ. 7947, 2003 WL 21496879 (S.D.N.Y. June 30, 2003) ....................................... 2, 7

*Essex Crane Rental Corp. v. Vic Kirsch Constr. Co.*,
  486 F. Supp. 529 (S.D.N.Y. 1980) ............................................................................................. 5

*Finley v. Dun & Bradstreet Corp.*,
    No. 05 C 5134, 2006 WL 861920 (N.D. Ill. Mar. 30, 2006) ......................................................8

*Flynn v. Veazey Constr. Corp.*,
    310 F. Supp. 2d 186 (D.D.C. 2004) ..........................................................................................8

*Guan Gao, Ltd. v. Acco Brands Corp.*,
    No. 06 Civ. 8208, 2007 WL 747795 (S.D.N.Y. Mar. 9, 2007) ..................................................7

*Herbert Ltd. P'ship v. Elec. Arts Inc.*,
    325 F. Supp. 2d 282 (S.D.N.Y. 2004) .......................................................................................7

*In re Atherogenics Secs. Litig.*,
    No. 05 Civ. 00061, 2006 WL 851708 (S.D.N.Y. Mar. 31, 2006) ............................................10

*In re Nematron Corp. Secs. Litig.*,
    30 F. Supp. 2d 397 (S.D.N.Y. 1998) .........................................................................................3

*In re Warrick*,
    70 F.3d 736 (2d Cir. 1995) ........................................................................................................8

*Int'l Secs. Exch. v. Chicago Bd. Options Exch. Inc.*,
    No. 06 Civ. 13445, 2007 WL 1541087 (S.D.N.Y. May 24, 2007) .......................................3, 4

*Kiley v. Achieve Global, Inc.*,
    No. 05-CV-1658, 2006 WL 2475248 (D. Conn. Aug. 24, 2006) ..........................................7, 8

*Lesser v. Camp Wildwood*,
    No. 01 Civ. 4209, 2002 WL 1792039 (S.D.N.Y. Aug. 2, 2002) ...............................................4

*Malone v. Commonwealth Edison Co.*,
    2 F. Supp. 2d 545 (S.D.N.Y. 1998) ...........................................................................................6

*Mindset Ltd. v. Quality Controlled Biochemicals, Inc.*,
    No. 99 Civ. 6070, 2000 WL 28167 (S.D.N.Y. Jan. 14, 2000) ...................................................3

*Mitsui & Marine Fire Ins. Co. Ltd. v. Nankai Travel Int'l Co.*,
    245 F. Supp. 2d 523 (S.D.N.Y. 2003) .......................................................................................1

*New Line Prods., Inc. v. Thoene*,
    No. 06 Civ. 13537, 2007 WL 2213080 (S.D.N.Y. Aug. 1, 2007) .............................................4

*O'Hopp v. ContiFinancial Corp.*,
    88 F. Supp. 2d 31 (E.D.N.Y. Mar. 13, 2000) ..........................................................................10

*O'Neill v. Stanwood Corp.*,
    577 F. Supp. 1001 (S.D.N.Y. 1984) ..........................................................................................2

*Quan v. Computer Scis. Corp.,* Nos. CV 06-3927, -5100, 2008 WL 89679, at *3
  (E.D.N.Y. Jan. 8, 2008..............................................................................................6, 8

*Sheet Metal Workers' Nat'l Pension Fund v. Gallagher*,
  669 F. Supp. 88 (S.D.N.Y. 1987)........................................................................................6

*SMS Sys. Maint. Servs., Inc. v. Digital Equip. Corp.*,
  No. 95 Civ. 9998, 1996 WL 74740 (S.D.N.Y. Feb. 20, 1996) ...........................................3

*TM Claims Serv. v. KLM Royal Dutch Airlines*,
  143 F. Supp. 2d 402 (S.D.N.Y. 2001)................................................................................5

*Total Licensed Care, Inc. v. Aetna Life & Cas., Inc.*,
  No. 92 Civ. 5817, 1993 WL 410456 (S.D.N.Y. Oct. 13, 1993) .........................................6

*Trs. of the Nat'l Automatic Sprinkler Indus. Pension Fund v. Best Automatic Fire
  Protection*,
  578 F. Supp. 94 (D. Md. 1983) ..........................................................................................8

*U.S. v. Nature's Farm Prods., Inc.*,
  No. 00 Civ. 6593, 2004 WL 1077968 (S.D.N.Y. May 13, 2004).......................................9

*Varsic v. U.S. Dist. Ct. for C.D. Cal.*,
  607 F.2d 245 (9th Cir. 1979) ..............................................................................................8

*Von Pein v. Hedstrom Corp.*,
  No. 03 Civ. 2171, 2004 WL 60298 (S.D.N.Y. Jan. 13, 2004)............................................1

*Winnett v. Caterpillar Inc.*,
  No. 06-cv-00235, 2006 WL 1722434 (M.D. Tenn. June 20, 2006) ...................................8

**STATUTES**

28 U.S.C. § 1404................................................................................................................ *passim*

**OTHER AUTHORITIES**

J.P.M.L. Rule 1.5 ......................................................................................................................10

In their oppositions to transfer, plaintiffs do not seriously dispute that the single most important factor under 28 U.S.C. § 1404 – the convenience of witnesses – weighs in favor of transfer to the District of Massachusetts, nor could they. *See* Prudential's Mem. of Law in Opp. ("Pru. Mem.") 13; Lead Class Pls.' Mem. of Law in Opp. ("Class Mem.") 10. This factor is dispositive here, where the parties' papers demonstrate that (i) a predominant number of *key* witnesses in the case are State Street personnel based in the Boston area, and (ii) many of these important witnesses are now *former* employees of State Street and thus non-parties. Plaintiffs' primary response to these irrefutable facts – that multiple key witnesses could testify via *videotape* – is no response at all, as it defies both precedent and common sense. The clear convenience of the witnesses, by itself, compels transfer to the District of Massachusetts, and any deference due plaintiffs' choice of forum is insufficient to trump this central consideration.

I. **The Prevalence of Key Party and Non-Party Witnesses in Massachusetts Compels Transfer**

First, while State Street has identified several material non-party witnesses located in Massachusetts, plaintiffs have not identified a *single* non-party witness likely to testify at trial, let alone any non-party who would find Massachusetts inconvenient. Indeed, Prudential's *own* chart of likely witnesses only lists non-parties in the Boston area. Pru. Mem. 16.[1] *See Mitsui & Marine Fire Ins. Co. Ltd. v. Nankai Travel Int'l Co.*, 245 F. Supp. 2d 523, 526-27 (S.D.N.Y. 2003) (granting transfer where no non-party witnesses resided in New York, while some resided in transferee forum); *accord Von Pein v. Hedstrom Corp.*, No. 03 Civ. 2171, 2004 WL 60298, at

---

[1] Prudential incorrectly identifies James Hopkins, a current State Street employee, as a non-party. Pru. Mem. 16; *see* Declaration of Mark Duggan in Supp. of State Street's Reply ("Duggan Reply Decl.") ¶ 3. Prudential also lists Michael O'Hara, Ting Li, and Patrick Armstrong as potential witnesses. Pru. Mem. 16. Mr. O'Hara, a former State Street employee, resides in the Boston area. Duggan Reply Decl. ¶ 4. Ms. Li and Mr. Armstrong work in State Street's Hong Kong and Paris offices, respectively, and would find travel to Boston and New York equally convenient. *Id.* ¶¶ 5-6.

\*3 (S.D.N.Y. Jan. 13, 2004).  Class plaintiffs' vague reference to witnesses "quite likely to be based in New York" (Class Mem. 12-13) cannot outweigh the material non-party witnesses specifically identified by State Street, all of whom reside in the Boston area.  *See O'Neill v. Stanwood Corp.*, 577 F. Supp. 1001, 1003-04 (S.D.N.Y. 1984).

Second, the convenience of party witnesses also favors transfer to the District of Massachusetts.  Plaintiffs cannot dispute that the State Street employees likely to serve as witnesses at trial work and reside in the Boston area.[2]  *See, e.g.*, *Butcher v. Gerber Prods. Co.*, No. 98 Civ. 1819, 1998 WL 437150, at \*4-5 (S.D.N.Y. Aug. 3, 1998).  Nor do class plaintiffs deny that Massachusetts would be more convenient for their witnesses.  *See Cuzzupoli v. Metro-North Commuter R.R.*, No. 02 Civ. 7947, 2003 WL 21496879, at \*3 n.1 (S.D.N.Y. June 30, 2003) (observing that convenience of plaintiff's witnesses was relevant under § 1404(a) where "plaintiff has chosen a forum where he does not reside and where the locus of events did not occur").[3]  And Prudential's likely witnesses all reside in Connecticut (Pru. Mem. 14) – virtually equidistant from Boston and New York.  Declaration of Mark Duggan ¶ 36 ("Duggan Decl."), Feb. 4, 2008.

---

[2] Class plaintiffs misleadingly assert that SSBT has "about 1,400 employees in the World Financial Center," based upon a 2003 press release announcing SSBT's lease of 80,000 square feet, space that could hold up to 1,500 employees. Class Mem. 2-3; Declaration of Wallace A. Showman, Ex. C.  This assertion is not accurate, but what is more important is that no State Street employee in New York has any significant connection to these actions or would testify at trial.  Indeed, as set forth in State Street's opening memorandum of law, SSgA – the division of SSBT that provides the investment management services at issue here – has fewer than five employees in New York, and none was involved with the matters at issue.  State Street's Mem. of Law in Supp. of Mot. to Transfer ("Opening Mem.") 4; Duggan Reply Decl. ¶ 7.

[3] In a proposed amended consolidated complaint submitted after State Street filed its motion to transfer venue, class plaintiffs seek to add five additional plaintiffs.  Pls' Mot. for Leave to File Consol. Am. Compl., Ex. A ¶¶ 25-35.  Four are located outside this District.  Declaration of Robert A. Skinner ("Skinner Decl.") ¶ 3.  Of these four, one resides closer to Boston than to New York, two reside slightly closer to New York than to Boston, and one resides in California and would presumably find Boston no less convenient than New York.  *Id.*

Plaintiffs attempt to downplay the geographical imbalance of the witnesses by suggesting that testimony from certain of State Street's potential witnesses would be irrelevant or cumulative. But these arguments do not hold water. For example, class plaintiffs argue that testimony from former State Street portfolio managers (for example, Robert Pickett and Susan Reigel) will be unnecessary if James Hopkins, a product engineer, testifies at trial – a position at odds with Prudential's list of likely witnesses. Class Mem. 11; *cf.* Pru. Mem. 16. However, product engineers, in contrast to portfolio managers, do not make investment decisions for the funds. Duggan Reply Decl. ¶ 8; *see also* Duggan Decl. ¶¶ 29(a), 32(b).

Plaintiffs argue that the Court should ignore the clear majority of material witnesses residing in Massachusetts because *videotaped* testimony will be sufficient for any witness unavailable or unwilling to testify in New York. Class Mem. 13; Pru. Mem. 15. But given the number and materiality of non-party witnesses located in Massachusetts, "the possibility of videotaped testimony . . . is not workable" because the trial would "consist almost entirely of videotaped testimony." *In re Nematron Corp. Secs. Litig.*, 30 F. Supp. 2d 397, 403 (S.D.N.Y. 1998).[4] And live testimony is particularly important in a case alleging misrepresentation. *Cf. id.* ("[L]ive testimony . . . is crucial in a case alleging fraud"); *see also Int'l Secs. Exch. v. Chicago Bd. Options Exch. Inc.*, No. 06 Civ. 13445, 2007 WL 1541087, at *4 (S.D.N.Y. May 24, 2007) ("Defendant has a strong interest in presenting live testimony from its witnesses.").[5]

---

[4] By contrast, in the cases cited by plaintiffs only one or two material non-party witnesses resided in the proposed transferee forum. *See, e.g.*, *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 562 (S.D.N.Y. 2000); *Brozoski v. Pfizer Inc.*, No. 00 Civ. 4215, 2001 WL 618981, at *2 (S.D.N.Y. June 6, 2001).

[5] Plaintiffs suggest that travel to New York would not inconvenience witnesses in Massachusetts. Courts in this District have, however, disagreed. *See, e.g.*, *Mindset Ltd. v. Quality Controlled Biochemicals, Inc.*, No. 99 Civ. 6070, 2000 WL 28167, at *5-6 (S.D.N.Y. Jan. 14, 2000); *SMS Sys. Maint. Servs., Inc. v. Digital Equip. Corp.*, No. 95 Civ. 9998, 1996 WL 74740, at *1-2 (S.D.N.Y. Feb. 20, 1996). Plaintiffs also argue that access to sources of proof is a "negligible"

3

Plaintiffs' effort to downplay the importance of witness availability and convenience also fails because they cite cases involving non-party witnesses in *both* potential forums. *See, e.g.*, *Lesser v. Camp Wildwood*, No. 01 Civ. 4209, 2002 WL 1792039, at *5 (S.D.N.Y. Aug. 2, 2002); *Am. Alliance Ins. Co. v. Sunbeam Corp.*, No. 98 Civ. 4703, 1999 WL 38183, at *6 (S.D.N.Y. Jan. 28, 1999). The courts in those cases were thus required to balance witness availability in one forum against the other – a dilemma that does not exist here. *See, e.g.*, *Int'l Secs. Exch.*, 2007 WL 1541087, at *4 ("While neither party has identified any witnesses who would refuse to appear in either forum, the bulk of Defendant's witnesses are non-party witnesses . . . not subject to subpoena power in New York.").

## II.     The Convenience of the Parties Favors Transfer

Transfer to the District of Massachusetts would serve the overall convenience of the parties. Despite Prudential's assertion to the contrary (Pru. Mem. 19), State Street stated in its opening papers, and reiterates here, that litigating in New York would be more disruptive and burdensome to State Street's business than trying this case in Massachusetts. Duggan Decl. ¶ 41. Class plaintiffs do not deny that Massachusetts would be more convenient for two of three class plaintiffs, instead arguing that they have sued in New York to "advance[] the cause of judicial efficiency." Class Mem. 16. Of course, State Street's motion seeks transfer of all four consolidated cases and does not undermine whatever efficiencies plaintiffs' counsel have achieved by agreeing to bring suit in one district. As for Prudential, it concedes that New York would be only "slightly more convenient" than Massachusetts. Pru. Mem. 20.

---

consideration and "of no consequence" given modern electronic capabilities. Class Mem. 14; Pru. Mem. 18. Nevertheless, courts continue to weigh this factor, which here favors transfer, since the majority of documents will be produced by State Street in this litigation. *See, e.g.*, *New Line Prods., Inc. v. Thoene*, No. 06 Civ. 13537, 2007 WL 2213080, at *4 (S.D.N.Y. Aug. 1, 2007) (concluding that location of defendants' documentary proof favored transfer even though the factor was "less important in the era of electronic documents").

4

Instead, Prudential makes much of State Street's decision to seek transfer in *Prudential* after deciding to seek transfer of the class actions, though it nowhere suggests that it has been prejudiced by the alleged delay. *See, e.g.*, *Essex Crane Rental Corp. v. Vic Kirsch Constr. Co.*, 486 F. Supp. 529, 535-36 (S.D.N.Y. 1980) (granting transfer where plaintiff argued delay, but "failed to show how it will be prejudiced by having to litigate elsewhere"). Prudential has no basis for arguing prejudice, since State Street notified all counsel of its intent to seek transfer in all four cases before the parties submitted an agreed briefing schedule to the Court, and nearly three weeks before filing the motion itself. Declaration of Edwin G. Schallert ¶¶ 12-13.

Despite Prudential's suggestions to the contrary, State Street's decision to seek transfer of all four cases was straightforward. State Street initially sought a stay of discovery in *Prudential*, and a bifurcated pretrial schedule for *Prudential* and the class actions. *Id.* ¶¶ 10-11. At the January 4, 2008 scheduling conference, the Court denied both requests and instructed the parties to submit a unified discovery and briefing schedule. *Id.* As a result, State Street adopted a unified approach to all four cases.[6] *See, e.g.*, *Essex Crane Rental Corp.*, 486 F. Supp. at 538-39 (transferring for convenience of defendant and its witnesses and finding delay of "little significance" since it was not "intended to vex, harass or otherwise intimidate plaintiff").

### III.   The Locus of Operative Facts Is Squarely in Massachusetts

Class plaintiffs concede as they must that the fundamental underlying conduct in this case, State Street's investment decisions, occurred in Massachusetts. Class Mem. 9; *see TM Claims Serv. v. KLM Royal Dutch Airlines*, 143 F. Supp. 2d 402, 403 (S.D.N.Y. 2001) ("The core determination under Section 1404(a) is the center of gravity of the litigation."). Instead, all

---

[6] In addition, on January 11, 2008, plaintiff's motion to remand the *Memorial Hermann* action pending in the Southern District of Texas was denied, permitting State Street to seek transfer of all currently pending cases to the District of Massachusetts. *See* Skinner Decl., Ex. F.

5

plaintiffs contend that the deference due an ERISA plaintiff's choice of forum necessarily outweighs the locus of operative facts. Pru. Mem. 20; Class Mem. 8-9.[7]

Even assuming *arguendo* that an ERISA plaintiff's choice of forum is entitled to any particular deference, such deference does not *per se* outweigh the locus of operative facts. To the contrary, courts in this Circuit have previously transferred ERISA actions based upon the locus of operative facts where, as here, the plaintiff sued in a foreign forum, and there was "little material connection between the chosen forum and the facts and issues of the case." *Chichelo v. Hoffman-LaRoche, Inc.*, No. 97 Civ. 4591, 1997 WL 654637, at *3 (S.D.N.Y. Oct. 21, 1997) (transferring ERISA action to New Jersey); *accord Quan v. Computer Scis. Corp.*, Nos. CV 06-3927, -5100, 2008 WL 89679, at *3 (E.D.N.Y. Jan. 8, 2008); *Malone v. Commonwealth Edison Co.*, 2 F. Supp. 2d 545, 547 (S.D.N.Y. 1998); *Total Licensed Care, Inc. v. Aetna Life & Cas., Inc.*, No. 92 Civ. 5817, 1993 WL 410456, at *1-2 (S.D.N.Y. Oct. 13, 1993); *Sheet Metal Workers' Nat'l Pension Fund v. Gallagher*, 669 F. Supp. 88, 93 (S.D.N.Y. 1987).

Class plaintiffs argue that Massachusetts is not the only locus of operative facts since any alleged harm occurred where plaintiffs reside. Class Mem. 9-10. Even if plaintiffs are correct, two of the three class plaintiffs are located outside of New York (with one in Massachusetts), and did not suffer harm there, nor did the majority of the class members they seek to represent. Opening Mem. 15-16. Prudential too sues on behalf of plans located in multiple jurisdictions. Pru. Mem. 2. In any event, for purposes of assessing the locus of operative facts, any breach of fiduciary duty occurred "in the district where defendant managed the assets," or where any

---

[7] The existence of an SSBT office in New York (Class Mem. 9) is irrelevant, since that office has no material connection to this litigation. Duggan Reply Decl. ¶ 7; *see Cohn v. Metro. Life Ins. Co.*, No. 07 Civ. 0928, 2007 WL 1573874, at *3 (S.D.N.Y. May 31, 2007) ("The central inquiry in this instance . . . is not whether Defendants have some material connection to this District, but rather, whether the connection is material to this litigation.").

6

alleged misrepresentations or omissions were "transmitted or withheld, not where they are received." *Quan*, 2008 WL 89679, at *6 (internal quotation marks and citations omitted).[8]

### IV. Plaintiffs' Choice of Forum Is Due Little Deference

Plaintiffs vociferously contend that their choice of forum is virtually dispositive, even if they do not reside in the forum selected. But ERISA's venue provision has no talismanic force in the § 1404 context. The purpose of the statute's venue provision – as set forth in the very cases plaintiffs cite – is to permit suit in the district where ERISA plans are administered or where participants and beneficiaries reside.[9] *See Cent. States, Se. & Sw. Areas Pension Fund v. Davidson*, No. 06 C 6979, 2007 WL 722889, at *2 (N.D. Ill. Mar. 8, 2007) (observing that transferring ERISA case brought by non-profit pension plan in its home forum would increase costs for participants and beneficiaries); *Kiley v. Achieve Global, Inc.*, No. 05-CV-1658, 2006 WL 2475248, at *4 (D. Conn. Aug. 24, 2006) ("ERISA embodies a policy of providing easy access to the federal courts for aggrieved participants in employee benefit plans."). Thus, in all the ERISA cases plaintiffs cite (Pru. Mem. 9; Class Mem. 6-8) – almost all of which come from outside of this District – the plaintiffs filed suit in the district where they resided or where the

---

[8] Prudential's claim that relevant events occurred in Connecticut and New Jersey, but not New York (Pru. Mem. 20), is at best neutral in the Court's analysis, *see, e.g.*, *Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 288 (S.D.N.Y. 2004) ("The convenience of witnesses who reside in neither . . . forum is irrelevant."), and does not outweigh the material connection between the litigation and Massachusetts, *see Guan Gao, Ltd. v. Acco Brands Corp.*, No. 06 Civ. 8208, 2007 WL 747795, at *4 (S.D.N.Y. Mar. 9, 2007) (rejecting plaintiffs' argument that relevant events in California and Texas rendered locus of operative events neutral, given strong connection to Illinois and lack of any connection to New York).

[9] Courts in this District have previously rejected attempts by plaintiffs resisting transfer to claim special deference under the broad venue provisions of other federal statutes. *See, e.g.*, *Cuzzupoli*, 2003 WL 21496879, at *2 (granting transfer to Connecticut where Connecticut plaintiff had filed suit in New York, and observing that "[d]ecisions in this district do not afford greater weight to plaintiff's forum choice," even under FELA's "broad venue" provision, where the forum lacked any material connection to the underlying events).

7

ERISA plan concerned was administered.[10] Here, three of four plaintiffs have sued in a foreign forum, and all four bring claims on behalf of plans, participants and beneficiaries located in multiple jurisdictions outside New York. Opening Mem. 15-16; Pru. Mem. 2.

Even in the ERISA context, deference to a plaintiff's choice of forum is diminished where the plaintiff sues in a representative capacity.[11] *See, e.g.*, *Quan*, 2008 WL 89679, at *3-4 (according diminished weight to plaintiffs' choice of forum in ERISA class action "that might just as well be brought elsewhere"); *accord In re Warrick*, 70 F.3d at 741 n.7 (recognizing in an ERISA case that "the plaintiff's choice of forum is a less significant consideration in a (here, putative) class action than in an individual action"); *Finley v. Dun & Bradstreet Corp.*, No. 05 C 5134, 2006 WL 861920, at *2 (N.D. Ill. Mar. 30, 2006) (transferring ERISA class action in part because "diminished" deference was due plaintiff's forum choice given representative status).

Finally, as set forth in Section III, *supra*, deference to a plaintiff's choice of forum is diminished, even in the ERISA context, where the plaintiff has not sued in its home forum, and where the chosen forum lacks any material connection to the underlying facts.

---

[10] *E.g.*, *In re Warrick*, 70 F.3d 736, 741 n.7 (2d Cir. 1995) (*per curiam*) (where plaintiffs resided); *Bd. of Trs. v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 478 (E.D. Va. 2007) (where plaintiff resided); *Cohn*, 2007 WL 1573874, at *2 (where plan administered); *Davidson*, 2007 WL 722889, at *2 (where plan administered); *Kiley*, 2006 WL 2475248, at *1 (where plaintiffs resided); *Winnett v. Caterpillar Inc.*, No. 06-cv-00235, 2006 WL 1722434, at *3 (M.D. Tenn. June 20, 2006) (where plaintiffs resided); *Flynn v. Veazey Constr. Corp.*, 310 F. Supp. 2d 186, 193 (D.D.C. 2004) (where plans administered); *Cent. States, Se. & Sw. Areas Pension Fund v. White*, No. 99 C 1049, 1999 WL 447059, at *2 (N.D. Ill. June 25, 1999) (where plan administered); *Cent. States, Se. & Sw. Areas Pension Fund v. Lewis & Michael, Inc.*, 992 F. Supp. 1046, 1048 (N.D. Ill. 1998) (where plan administered); *Bd. of Trs. v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1257 (E.D. Va. 1988) (where plan administered); *Trs. of the Nat'l Automatic Sprinkler Indus. Pension Fund v. Best Automatic Fire Protection*, 578 F. Supp. 94, 95 (D. Md. 1983) (where plan administered); *Varsic v. U.S. Dist. Ct. for C.D. Cal.*, 607 F.2d 245, 252 (9th Cir. 1979) (where *in forma pauperis* plaintiff resided).

[11] Notably, with two exceptions, none of the cases cited by plaintiffs were ERISA class actions, and in those cases, plaintiffs sued in their home forum. *See In re Warrick*, 70 F.3d at 741 n.7; *Winnett*, 2006 WL 1722434, at *1.

8

## V.     The Interests of Justice Support a Transfer

Transfer is appropriate at what even Prudential has conceded is an early stage in the litigation. Skinner Decl. ¶ 5; *id.*, Ex. E, at 14; *see Butcher*, 1998 WL 437150, at *12 (transferring action four-and-a-half months after filing and after deciding partial summary judgment motion and observing that "[a]lthough this Court has devoted a fair amount of time and effort to this case," litigation was still "at an early stage"); *U.S. v. Nature's Farm Prods., Inc.*, No. 00 Civ. 6593, 2004 WL 1077968, at *7 (S.D.N.Y. May 13, 2004) (granting transfer several months after government's complaint was filed, four years after relator's complaint was filed, and observing, despite court's familiarity with the case and previous ruling on motion to dismiss and settlement, that transfer would not "needlessly delay the action" because it was "still in the early stages"). Class plaintiffs argue that the cases have been pending "going on six months," but fail to note that they submitted a motion for leave to file an amended complaint as recently as March 27, 2008. And despite class plaintiffs' assertion that "discovery is now well underway" (Class Mem. 16), in fact, the parties have only recently exchanged initial document requests and objections, and no depositions have even been noticed. Skinner Decl. ¶ 6.

Plaintiffs argue that transfer to the District of Massachusetts will not serve the interests of justice because no actions against State Street are currently pending there. Class Mem. 17; Pru. Mem. 24. Of course, no such requirement exists under 28 U.S.C. § 1404(a), and courts – including this Court – routinely transfer actions to jurisdictions where no action is pending. *See, e.g.*, *Cartier v. D&D Jewelry Imps.*, 510 F. Supp. 2d 344 (S.D.N.Y. 2007). It is transparent and unseemly for plaintiffs to rely upon the absence of cases in Massachusetts when one of the actions currently pending before the Court was originally filed there, but was voluntarily

9

dismissed and filed in this District after State Street announced its intent to seek transfer.[12] *See, e.g.*, *In re Atherogenics Secs. Litig.*, No. 05 Civ. 00061, 2006 WL 851708, at *1, 3 (S.D.N.Y. Mar. 31, 2006) (granting transfer to jurisdiction where no actions were currently pending, though similar actions had been pending at the time motion to transfer was filed, but were subsequently voluntarily dismissed by plaintiffs);[13] *O'Hopp v. ContiFinancial Corp.*, 88 F. Supp. 2d 31, 34-35 (E.D.N.Y. Mar. 13, 2000) (granting transfer to S.D.N.Y. and observing that plaintiffs had been "motivated by forum shopping" where (1) virtually identical class action complaints had been filed in both districts, (2) the S.D.N.Y. plaintiffs voluntarily dismissed their suits and refiled in E.D.N.Y., and (3) the plaintiffs then opposed transfer to S.D.N.Y.).

## **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in its Motion to Transfer Venue and supporting Memorandum of Law, State Street respectfully requests that this Court enter an order pursuant to 28 U.S.C. § 1404(a), transferring this action to the United States District Court for the District of Massachusetts.

---

[12] Prudential faults State Street for seeking transfer of *Memorial Hermann* to Massachusetts, and for filing a motion to transfer before the Judicial Panel on Multidistrict Litigation ("JPML"). Pru. Mem. 24, 25 n.13. Both motions underscore State Street's belief that all pending actions would be most efficiently and conveniently litigated in Massachusetts. The JPML motion has, of course, no effect on this Court's jurisdiction to decide the instant motion. J.P.M.L. Rule 1.5.

[13] Prudential's suggestion that *In re Atherogenics* should be limited to the securities law context (Pru. Mem. 24 n.12) makes little sense given the strikingly similar procedural posture exhibited by the class actions currently pending before the Court.

Dated: April 7, 2008               Respectfully submitted,

                                   ROPES & GRAY LLP

                                   /s/ Harvey J. Wolkoff
                                   Harvey J. Wolkoff
                                   Robert A. Skinner
                                   Olivia S. Choe
                                   One International Place
                                   Boston, Massachusetts 02110
                                   Harvey.Wolkoff@ropesgray.com
                                   Robert.Skinner@ropesgray.com
                                   Olivia.Choe@ropesgray.com
                                   Tel: 617-951-7000
                                   Fax: 617-951-7050

                                   Jerome C. Katz
                                   1211 Avenue of the Americas
                                   New York, New York, 10036-8704
                                   Jerome.Katz@ropesgray.com
                                   Tel: 212-841-5700
                                   Fax: 212-841-5725

                                   *Attorneys for Defendants*
                                   *State Street Bank and Trust Company and*
                                   *State Street Global Advisors, Inc.*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 7th day of April, 2008, a true and correct copy of the foregoing Reply in Support of State Street's Motion to Transfer Venue has been filed electronically using the Court's Electronic Case Filing System and, therefore, has been served upon all counsel who are Filing Users pursuant to Fed. R. Civ. P. 5(b)(3), Local Rule 5.2, and the Court's Procedures for Electronic Case Filing (No. 9). A copy of the foregoing Reply in Support of State Street's Motion to Transfer Venue has also been served by U.S. mail upon the following:

>    Gretchen Freeman Cappio
>    KELLER ROHRBACK LLP
>    1201 Third Avenue
>    Suite 3200
>    Seattle, WA 98101
>
>    Tyler L. Farmer
>    KELLER ROHRBACK LLP
>    1201 Third Avenue
>    Suite 3200
>    Seattle, WA 98101
>
>    Gerald H. Silk
>    BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP
>    1285 Avenue of the Americas
>    New York, NY 10019

>                                                /s/ Olivia S. Choe
>                                                Olivia S. Choe