

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE STATE STREET BANK AND TRUST
CO. ERISA LITIGATION

This Document Relates To:
No. 07 Civ. 9319
No. 07 Civ. 9687
No. 08 Civ. 0265

MDL DOCKET No. 1945

Master File No. 07-cv-8488 (RJH)

ECF Case

## ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND CONFIRMING FINAL SETTLEMENT HEARING

WHEREAS, the Lead Plaintiffs and Defendants having agreed to the terms of a

Stipulation And Agreement Of Settlement (the "Stipulation"),[1] which is subject to approval by

the Court under Fed. R. Civ. P. 23; and

WHEREAS, the Stipulation and the exhibits thereto set forth the terms and conditions for

the proposed settlement and dismissal of the claims alleged in the Amended Complaint and

Amended Counterclaim with prejudice; and

WHEREAS, the Court having read and considered the Stipulation and the accompanying

documents; and the parties to the Stipulation having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this $\frac{28^{TH}}{}$ day of October, 2009 that:

1.   Preliminary Findings Regarding Proposed Settlement.   The Court finds on a

preliminary basis that the Stipulation filed and incorporated herein by reference, and made a part

of this Order of Preliminary Approval, appears to be within the scope of reasonableness of a

settlement which could ultimately be given final approval by this Court; it further appears to this

---

[1]   Capitalized and/or Italicized terms not otherwise defined in this order shall have the same
meaning as ascribed to them in the Stipulation.

Court on a preliminary basis, that the settlement amount is fair and reasonable to Class Members when balanced against the possible outcomes of further litigation relating to liability and damages issues and potential appeals of rulings; that significant discovery, investigation, research, and litigation have been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions; that settlement at this time will avoid substantial costs, delay and risks that would be otherwise presented by the further prosecution of the litigation; that the proposed Settlement resulted from informed, non-collusive arm's-length negotiations and several mediation sessions over a period of seven months before the Hon. Nicholas H. Politan (U.S.D.J., ret.), and followed contested motion practice and substantial discovery; and that the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Class.

2.    Class Findings. The Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the "Class" defined below, in that:

> (a)    The Court preliminarily finds that Rule 23(a)(1) is satisfied because the Class is ascertainable from records kept with respect to the Included Plans and from other objective criteria, and the members of the Class are so numerous that their joinder before the Court would be impracticable.
>
> (b)    The Court preliminarily finds that Rule 23(a)(2) is satisfied because there are one or more questions of fact and/or law common to the Class.
>
> (c)    The Court preliminarily finds that Rule 23(a)(3) is satisfied because the Lead Plaintiffs' claims are typical of the claims of the Class.
>
> (d)    The Court preliminarily finds that Rule 23(a)(4) is satisfied because the Lead Plaintiffs will fairly and adequately protect the interests of the Class in that: (i) the Lead Plaintiffs' interests and the nature of claims alleged are consistent with those of the members of the Class; (ii) there appear to be no conflicts between or among the Lead Plaintiffs and the Class; and (iii) the Lead Plaintiffs and the members of the Class are represented by

2

qualified, reputable counsel who are experienced in preparing and prosecuting large, complex litigations, including ERISA class actions.

(e) The Court preliminarily finds that Rule 23(b)(3)(A)-(D) are satisfied because the issues of law and fact common to class members predominate over any questions affecting only individual class members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

(f) The Court preliminarily finds Rule 23(g) is satisfied because Keller Rohrback L.L.P., Bernstein Litowitz Berger & Grossmann LLP, and Berman DeValerio ("Co-Lead Counsel") are capable of fairly and adequately representing the interests of the Class. Co-Lead Counsel have done extensive work identifying or investigating potential claims in the action, and have vigorously litigated the validity of those claims. Co-Lead Counsel are experienced in handling class actions, other complex litigation, and claims of the type asserted in the Action. Co-Lead Counsel are knowledgeable of the applicable law, and Co-Lead Counsel have committed the necessary resources to represent the Class.

ACCORDINGLY, GOOD CAUSE APPEARING, THE MOTION FOR ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT IS HEREBY GRANTED; THE CLASS IS CONDITIONALLY CERTIFIED FOR SETTLEMENT PURPOSES ONLY, AND WITHOUT ANY DETERMINATION OF OR WAIVING OF RIGHTS BY STATE STREET AS TO WHETHER A CLASS WOULD BE CERTIFIABLE IF THIS MATTER WERE PROCEEDING TO LITIGATION.

3. Class Certification. Based on the findings set forth above, and pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court conditionally certifies the following class for settlement purposes only (the "Class"):

All ERISA plans that, based on *State Street's* books and records, (a) invested in any State Street fund listed in Schedule A to the Stipulation (the "*Funds*") during the period from January 1, 2007 through and including December 31, 2007 (the "*Class Period*") and (b) incurred losses on their investments in the 3d calendar quarter of 2007 (the "*Included Plans*"), and the named fiduciaries of those *Included Plans*. Excluded from the *Class* will be (i) ERISA plans with whom *State Street* has previously (as of June 8, 2009) executed a binding settlement agreement releasing any and all claims relating to the facts of this litigation, and their named fiduciaries, (ii) the Apogee Enterprises, Inc. 401(k) Retirement Plan ("Apogee") and its named fiduciaries (as to which Apogee filed a Complaint dated January 26, 2009, captioned *Apogee Enterprises, Inc. v. State Street Bank*

3

*and Trust Company et al.*, in the District of Minnesota, 0:09-cv-00170-DSD-FLN, Docket #1); (iii) the ERISA plans as to which the Prudential Retirement Insurance and Annuity Company ("PRIAC") filed a Complaint dated October 1, 2007 captioned *Prudential Retirement Insurance and Annuity Company v. State Street Bank and Trust Company, et al.*, 07 civ 8488 (S.D.N.Y) and their named fiduciaries, (iv) the Federal National Mortgage Association Retirement Plan for Employees Not Covered Under Civil Service Retirement Law ("Fannie Mae") and its named fiduciaries, and (v) any ERISA plan sponsored by *State Street* and any of its parents, subsidiaries, or affiliates and its named fiduciaries. Also excluded from the Class are any putative Class Members that exclude themselves by submitting a valid request for exclusion in accordance with the requirements set forth in the Notice. For the sake of clarity, the term "Funds" shall not include any investment portfolio of SSgA Funds, a series mutual fund registered under the Investment Company Act of 1940, as amended.

The Court appoints the Lead Plaintiffs, Warren Cohen, trustee of the Unisystems, Inc. Employees Profit Sharing Plan; Alan Kober, Trustee of the Andover Companies Employee Savings and Profit Sharing Plan; and John L Patenaude, member of the Nashua Corporation Pension Plan Committee on behalf of the Nashua Corporation Hourly Employees Retirement Plan and the Nashua Corporation Retirement Plan for Salaried Employees, as the class representatives for the Class, and Keller Rohrback L.L.P., Bernstein Litowitz Berger & Grossmann LLP, and Berman DeValerio as Co-Lead Counsel for the Class.

4. <u>Claims Administrator</u>. The Court hereby appoints The Garden City Group, Inc. as the Claims Administrator. The Claims Administrator shall have the responsibilities stated in sections 4 and 5 of the Stipulation and shall cause mailing and publication of the Notice as provided in Paragraphs 6 and 7, below.

5. <u>Fairness Hearing</u>. A hearing pursuant to Fed. R. Civ. P. 23(e) is scheduled to be held before the Court on Feb. 17TH, ~~2009~~ 2010, at 3:00 p.m. (the "Fairness Hearing") for the following purposes:

        (a)    Whether the action should be finally certified, for settlement purposes, as a class action;

4

12033145_6.DOC

(b)     Whether the Settlement should be approved as fair, reasonable, and adequate;

(c)     Whether the Complaint should be dismissed with prejudice pursuant to the terms of the Settlement;

(d)     Whether the substance and process for providing notice to the Class provided for by the Stipulation was provided and: (i) appropriate and reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (ii) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

(e)     Whether the proposed Plan of Allocation for the proceeds of the settlement is fair and reasonable and should be approved by the Court;

(f)     Whether the application for attorneys' fees and litigation expenses filed by Co-Lead Counsel should be approved; and

(g)     To rule upon such other matters as the Court may deem appropriate.

6.     Class Notice. A proposed form of Notice for Class Members is attached hereto as Exhibit 1. With respect to such form of Notice, the Court approves the form, substance and requirements of the Notice and finds that such form fairly and adequately: (a) describes the terms and effect of the Stipulation and of the Settlement; (b) notifies the Class concerning the proposed Plan of Allocation; (c) notifies the Class that Co-Lead Counsel will seek from the Settlement Fund awards of attorneys' fees and reimbursement of expenses; (d) gives notice to the Class of the time and place of the Fairness Hearing; (e) describes how recipients of the Notice may exclude themselves from the Class; and (f) describes how the recipients of the Notice may object to any of the relief requested. The Court directs that Co-Lead Counsel shall cause the Claims Administrator to:

(a)     Cause, as soon as practicable, but in no event later than 14 days after entry of this Preliminary Approval Order, the Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be sent to each Included Plan and the named fiduciaries thereof who can be

5

identified with reasonable effort. Such Notice shall be sent by first-class mail, postage prepaid, to each such Class Member's last known address as set forth in the records of State Street. To the extent that it has not already done so, State Street shall provide to Co-Lead Counsel a current list of the names and last known addresses of the Class Members in electronic format no later than 3 business days after entry of this Preliminary Approval Order, at no cost to the Class, Co-Lead Counsel, or the Claims Administrator; and

(b)     Cause, as soon as practicable, but in no event later than 14 days after entry of this Preliminary Approval Order and continuing through to the date of the Fairness Hearing, the Notice to be published on the website identified in the Notice.

7.     Publication Notice: The Court approves the publication of the Publication Notice of the pendency of this class action and proposed settlement in substantially the form and content annexed hereto as Exhibit 3 and directs that Co-Lead Counsel shall cause the Publication Notice to be published in the Wall Street Journal (national edition) and on the PR Newswire as soon as practicable, but in no event later than seven (7) days after mailing of the Notice. At or before the Fairness Hearing, Co-Lead Counsel shall file with the Court a statement of timely compliance with the foregoing mailing and publication requirements.

8.     Summary Notice: The Court approves the form, substance and requirements of the Summary Notice, in substantially the form and content annexed hereto as Exhibit 2 and directs that the named fiduciaries of each Included Plan, as expeditiously as practicable and in no event later than November 15, 2009, to provide the contents of the Summary Notice to the current participants and beneficiaries of such Included Plan through at least one method customarily used by the Included Plan to communicate with its participants and beneficiaries, which may include posting the Summary Notice on the Included Plan's website or providing the Summary Notice in electronic form (such as e-mail) or paper to current participants and beneficiaries of the Included Plan as part of that Included Plan's regular periodic communication

6

with such participants and beneficiaries (such as a Plan newsletter or account statement). The Claims Administrator will mail the Summary Notice to the Included Plans at the same time that it mails the Notice in order for it to be posted consistent with this Paragraph.

9.      At or before the Fairness Hearing, Co-Lead Counsel shall file with the Court a statement of timely compliance with the foregoing mailing and publication requirements.

10.     The forms and methods set forth herein of notifying the Class of the Settlement and its terms and conditions meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

11.     Objections to Settlement. A named fiduciary of an Included Plan that is a member of the Class, or a participant or beneficiary of an Included Plan may object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Stipulation, or to the proposed award of attorneys' fees and expenses. The Court will consider objections only if such objections and any supporting papers are filed in writing with the Clerk of Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312. Copies of objections and all supporting papers must be received 14 days prior to the date of the Fairness Hearing, and filed with the Court and served upon each of the following:

7

**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**
Attn: William C. Fredericks
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
(on behalf of Plaintiffs)

**ROPES & GRAY LLP**
Attn: Harvey J. Wolkoff
One International Place
Boston, MA 02110
Telephone: (617)-951-7000
Facsimile: (617)-951-7050
(on behalf of Defendants)

Such written objections must (a) state all supporting bases and reasons for the objection; (b) set forth proof of their membership in the Class; (c) clearly identify any and all witnesses, documents and any other evidence of any kind that may be proffered at the Fairness Hearing in connection with such objections; and (d) provide a summary description of the substance of any testimony that they may wish to offer themselves or through any supporting witnesses in support of their objections. Any Class Member who does not object in the manner prescribed in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Judgment to be entered approving the Settlement, the fairness and reasonableness of the Plan of Allocation, or the attorneys' fees and reimbursement of litigation expenses requested.

12. <u>Appearance at Fairness Hearing</u>. Any objector who files and serves a timely, written objection in accordance with paragraph 11 above, may also request permission to appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must follow the procedures outlined in Paragraph 11 above and further described in the Notice. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph and the procedures set forth in the Notice shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

8

13.     Response to Objectors.  Co-Lead Counsel shall respond to any timely-filed and served objection by five (5) calendar days before the Fairness Hearing.

14.     Opt-Outs.  Any Included Plan shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such Plan requests exclusion from the Class in a timely and proper manner, as hereinafter provided.  In order to be considered a valid exclusion request, one or more authorized named fiduciaries of such Included Plan must mail a written request to be excluded from the Settlement no later than forty (40) days before the Fairness Hearing (the "Opt-Out Date") that complies with the requirements of this paragraph. Any requests for exclusion must be mailed by First Class Mail (preferably by Certified First Class Mail, Return Receipt Requested) postmarked no later than 40 days before the scheduled date of the Fairness Hearing to the Claims Administrator at the following address:

> Garden City Group, Inc.
> State Street Bank and Trust Co. ERISA Litigation
> P.O. Box 9526
> Dublin, OH 43017-4826

Any such written request must be signed, must include the name and address of the named fiduciary or other duly authorized person(s) executing the opt-out request on behalf of an Included Plan, and must clearly manifest an intent to exclude the Included Plan from the Class. The written opt out request must also state the title or position of each person submitting the exclusion request on behalf of an Included Plan, and include a statement that the person(s) executing the request is authorized to do so on behalf of the Included Plan.

9

15. Within 15 days after the Opt-Out Date, any party to the Stipulation may file a motion with this Court challenging the validity of any particular request for exclusion from the Settlement.

16. Passage Of Title and Ownership: The passage of title and ownership of the Settlement Fund to the Escrow Account in accordance with the terms and obligations of the Stipulation is approved. No person or entity that is not a Class Member or Co-Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation or documents incorporated therein. All funds held in the Escrow Account shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

17. Notice Expenses. The expenses of publication, printing and mailing of all notices required hereby, other expenses described in Section 5.3 of the Stipulation, and the toll-free number charges described on Exhibit 1 hereto, shall be paid from the Settlement Fund as provided in Section 5.3 of the Stipulation, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense, of sending or posting the Summary Notice to plan participants or beneficiaries. Regardless of whether the settlement becomes Final, such expenses shall not be refundable to Defendants.

18. All Taxes shall be paid out of the Gross Settlement Fund, shall be considered to be a cost of administration of the Settlement and may be timely paid by the Custodian without prior order of the Court. The Claims Administrator shall, to the extent required by law, withhold from any distributions to any person entitled thereto pursuant to the Stipulation any funds necessary to pay Taxes including the establishment of adequate reserves for Taxes as well as any

10

amount that may be required to be withheld under Treasury Reg. § 1.468B-(1)(2) or otherwise under applicable law in respect of such distributions.

19.     Service of Papers.  Defendants' Counsel and Co-Lead Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

20.     Additional Filings.  Co-Lead Counsel shall file no later than twenty-one (21) days prior to the Fairness Hearing motions for final approval of the Settlement, approval of the proposed Plan of Allocation, and applications for awards of attorneys' fees and cost reimbursements.

21.     Termination of Settlement.  This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing on June 8, 2009, if the Stipulation is terminated in accordance with Section 10 thereof.  In such event, Section 10 of the Stipulation shall govern the rights of the parties.

22.     Use of Order.  In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or declaration by or against the Defendants, the Lead Plaintiffs or the Class.

23.     Continuance of Hearing.  The Court may continue the Fairness Hearing without further written notice.

24.     Separation of Determinations.  Neither Defendants nor their counsel shall have any responsibility whatsoever for the Plan of Allocation nor for any application for attorneys' fees or reimbursement of litigation expenses submitted by Co-Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement. The Court reserves the right to approve the settlement and/or Plan of Allocation with or without modification and with or without further notice of any kind.  The Court further reserves the right

11

12033145_6.DOC

to enter its Judgment approving the Settlement regardless of whether its has approved the Plan of

Allocation or awarded attorneys' fees and/or litigation expenses.

SO ORDERED this _28th_ day of _October_, 2009.

Hon. Richard J. Holwell, U.S.D.J.

12

EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE STATE STREET BANK AND TRUST CO. ERISA LITIGATION | MDL DOCKET No. 1945 |
| | Master File No. 07-cv-8488 (RJH) |
| This Document Relates To: No. 07 Civ. 9319 No. 07 Civ. 9687 No. 08 Civ. 0265 | ECF Case |

NOTICE OF PROPOSED SETTLEMENT OF ERISA CLASS ACTION LITIGATION,
FINAL SETTLEMENT FAIRNESS HEARING, AND
APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

Based on records maintained by State Street Bank and Trust Co., it appears that the [INSERT PLAN NAME] ("Your Plan") is a member of the proposed Class in the above-captioned consolidated class actions (referred to collectively herein as the "ERISA Class Action") which assert claims under the Employee Retirement Income Security Act of 1974 ("ERISA"). This Notice provides important information with respect to the ERISA Class Action and a proposed class action settlement (the "Settlement") that has been preliminarily approved by the Court.

The Settlement applies to a proposed Class of ERISA Plans (the "Included Plans), including Your Plan, which consists of all ERISA plans (with certain limited exceptions) that (a)  during the period January 1, 2007 through December 31, 2007 inclusive (the "Class Period") invested in or owned interests in any of the unregistered commingled funds identified in Exhibit A hereto (the "Funds") that were managed by State Street Bank and Trust Co. ("State Street" or "Defendant"); and (b) incurred Capital Losses as defined in the settlement documents on their Fund investments during the third  calendar quarter of 2007. For the sake of clarity, the term "Funds" shall not include any investment portfolio of SSgA Funds, a series mutual fund registered under the Investment Company Act of 1940, as amended.    IF YOU HAVE NO OBJECTION TO THE PROPOSED SETTLEMENT YOU DO NOT HAVE TO TAKE ANY ACTION IN ORDER FOR YOUR PLAN TO PARTICIPATE IN THE SETTLEMENT AND RECEIVE ANY PAYMENT TO WHICH IT IS ENTITLED UNDER THE SETTLEMENT. IF YOU DISAPPROVE OF ANY ASPECT OF THE SETTLEMENT, YOU MAY OBJECT IN ACCORDANCE WITH THE PROCEDURES DESCRIBED BELOW. YOUR PLAN MAY ALSO REQUEST TO EXCLUDE ITSELF FROM THE CLASS AND THE SETTLEMENT IN ACCORDANCE WITH THE PROCEDURES DESCRIBED BELOW. YOU DO NOT HAVE TO APPEAR IN COURT IN CONNECTION WITH THE SETTLEMENT.

IMPORTANT INSTRUCTION FOR PLAN FIDUCIARIES:  IF YOU ARE A NAMED FIDUCIARY OF YOUR PLAN, YOU ARE DIRECTED BY THE COURT TO EITHER POST A COPY OF THE SUMMARY NOTICE ATTACHED TO THIS DOCUMENT ON YOUR PLAN'S WEBSITE, TO

INCLUDE THE TEXT OF THE SUMMARY NOTICE IN AN OTHERWISE REGULAR PLAN COMMUNICATION TO ITS PARTICIPANTS OR BENEFICIARIES, OR TO OTHERWISE PROVIDE THE CONTENTS OF THE SUMMARY NOTICE TO YOUR PLAN'S PARTICIPANTS AND BENEFICIARIES NO LATER THAN OCTOBER 15, 2009. IF YOU HAVE ANY QUESTIONS REGARDING PROVIDING THE SUMMARY NOTICE TO YOUR PLAN'S PARTICIPANTS AND BENEFICIARIES, PLEASE CONTACT ONE OF PLAINTIFFS' LEAD COUNSEL (SEE CONTACT INFORMATION ON PAGE __ BELOW) OR THE CLAIMS ADMINISTRATOR (SEE CONTACT INFORMATION ON PAGE __ BELOW).

### PLEASE READ THIS NOTICE CAREFULLY. A FEDERAL COURT HAS AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION.

This Notice advises you of a proposed settlement (the "Settlement") of a consolidated class action lawsuit (the "ERISA Class Action") brought against State Street by the Court-appointed Lead Plaintiffs, namely Alan Kober (as Trustee of The Andover Companies Employee Savings and Profit Sharing Plan) ("Andover"); Warren Cohen (as Trustee of the Unisystems, Inc., Employees' Profit Sharing Plan) ("Unisystems"); and John L. Patenaude and Margaret Callan (as members of the Nashua Corporation Pension Plan Committee) (the "Nashua Plan")), and (b) certain additional plaintiffs, namely Glenn Kingsbury (as Trustee of the New England Electrical Workers Benefit Fund) ("NEEW"); Alan Gordon (Trustee of the AGMA Retirement Plan and AGMA Health Fund (the "AGMA Plans") ("Plaintiffs" or "Named Plaintiffs"). The ERISA Class Action has been brought by these Named Plaintiffs on behalf of their respective Plans and on behalf of the proposed class (the "Class"), as described herein. The Lead Plaintiffs and State Street are referred to herein as the "Parties." The United States District Court for the Southern District of New York (the "Court") has preliminarily approved the Settlement, and has scheduled a hearing (the "Fairness Hearing") to evaluate the fairness and adequacy of the Settlement, at which the Court will consider Lead Plaintiffs' motion for final approval of the Settlement and Plan of Allocation, for certification of the proposed Class, and for an award of attorneys' fees and expenses to plaintiffs' counsel. The Fairness Hearing has been scheduled to be held before the Hon. Richard J. Holwell, of the United States District Court for the Southern District of New York, on _____, 2009, at ___.m. at the Daniel Patrick Moynihan United State Courthouse, Courtroom ___, 500 Pearl Street, New York, New York.

The terms of the Settlement are contained in a Stipulation and Agreement of Settlement (the "Settlement Agreement"), a copy of which is available at www.statestreetERISAsettlement.com or by contacting Plaintiffs' Lead Counsel identified below. Capitalized terms used in this Notice and not defined herein have the meanings assigned to them in the Settlement Agreement. The Settlement will provide for payments to the Included Plans in accordance with a Plan of Allocation described below.

Any questions regarding the Settlement should be directed to any of Plaintiffs' Lead Counsel as follows: Keller Rohrback L.L.P. c/o Derek Loeser at (206)- 623-1900, Bernstein Litowitz Berger & Grossmann LLP c/o William C. Fredericks (212) 544-1400, or Berman DeValerio c/o Patrick T. Egan at (617) 542-8300, or by sending an email to info@statestreetERISAsettlement.com. *Please do not contact the Court, as it will not be able to answer your questions.*

| SUMMARY OF ACTIONS THAT MAY BE TAKEN WITH RESPECT TO THE SETTLEMENT | |
|---|---|
| NO ACTION IS NECESSARY FOR YOUR PLAN TO RECEIVE PAYMENT. | If the Settlement is approved by the Court, Your Plan is not required to do anything to receive a payment. Your Plan's allocable portion of the Net Settlement Fund will be calculated as part of the implementation of the Settlement. |
| YOUR PLAN (ACTING THROUGH ITS NAMED FIDUCIARIES) MAY ASK TO BE EXCLUDED FROM THE SETTLEMENT ("OPT-OUT" OF THE CLASS) UP TO FORTY DAYS BEFORE THE FAIRNESS HEARING, WHICH MEANS ON OR BEFORE _____, 2009 | Only the named fiduciaries of Your Plan may file, on behalf of Your Plan, a written request to exclude Your Plan ("opt-out") from the Class and the Settlement. Opting out is the only option under which Your Plan, its named fiduciaries, participants, or beneficiaries, could be permitted to bring their own separate lawsuit against State Street or any of the other Released Defendant Parties against State Street or the other Released Defendant Parties asserting any of the "Settled Claims" (as described in the response to Question 6 below). However, if Your Plan excludes itself from the Class, it will *not* participate in the Settlement and will *not* receive any portion of the recovery to which it would otherwise be entitled under the Settlement. |
| YOU CAN FILE AN OBJECTION ON OR BEFORE _____, 2009. | If you wish to object to any part of the Settlement, the Plan of Allocation or the request for attorneys' fees and expenses, you can write to the Court and Plaintiffs' Lead Counsel to explain the basis for your objection, as set forth in the response to Question 13 below. |
| YOU CAN GO TO THE HEARING ON _____, 2009 | If you have submitted a written objection to the Court and counsel, you can ask to speak in Court about the fairness of the Settlement, as explained below in the response to Question 17 below. |

SUMMARY OF THE SETTLEMENT ................................................................................6

A. BASIC INFORMATION ...........................................................................................7

    1.      Why is This Notice Being Provided?.................................................................7
    2.      What is the Lawsuit About?  What has Happened so far?...................................8
    3.      Why is This Case a Class Action? ...................................................................10
    4.      Why is There a Settlement? ............................................................................10
    5.      Who is Included in the Class?.........................................................................11
    6.      What Does the Settlement Provide?.................................................................12
    7.      How Will the Settlement Fund be Allocated? .................................................13
    8.      When Will My Plan Receive Payment ............................................................14
    9.      Can a Plan Opt Out of the Settlement? What is the Procedure for Opting Out? .........14
    10.    What is the Effect of Opting Out? ...................................................................15

B. THE LAWYERS REPRESENTING THE CLASS .................................................15

    11.    Who Are the Lawyers in This Case? ...............................................................15
    12.    How Will the Lawyers be Paid? .....................................................................15

C. OBJECTING TO THE SETTLEMENT OR THE APPLICATIONS FOR
    ATTORNEYS' FEES AND EXPENSES ................................................................16

    13.    How Do I Tell the Court if I Don't Like the Settlement or the Proposed Request for
             Attorneys' Fees or Expenses?........................................................................16
    14.    What Is The Difference Between Objecting And Opting Out of The Class?..............17

D. THE COURT'S FAIRNESS HEARING .................................................................18

    15.    When and Where Will the Court Decide Whether to Approve the Settlement? .........18
    16.    Do I Have to Come to the Hearing?................................................................18
    17.    May I Speak at the Hearing? ..........................................................................18

E. WHAT HAPPENS IF YOU DO NOTHING ..........................................................19

    18.    What Happens if I Do Nothing? .....................................................................19

GETTING MORE INFORMATION.................................................................................20

*Insert new "3." per companion order.*

12017802_6.DOC

## SUMMARY OF SETTLEMENT

The term ERISA Class Action (or "Action") refers to three putative class action lawsuits, originally captioned *Unisystems, Inc. et al. v. State Street Bank and Trust Company, et al.*, No. 07-Civ-9319 (RJH) (S.D.N.Y.), *The Andover Companies Employees Savings and Profit Sharing Plan v. State Street Bank and Trust Co., et. al*, No. 07-Civ-9687 (RJH) (S.D.N.Y.) and *Nashua Corporation Composite Pension Trust, et. al. v. State Street Bank and Trust Co., et. al*, No. 08-Civ-0265 (RJH) (S.D.N.Y.), that were filed in the United States District Court for the Southern District of New York (the "Court") and that were consolidated by the Court. As described in more detail below and in the Amended Class Action Complaint filed August 22, 2008 ("Complaint"), Lead Plaintiffs allege that State Street breached fiduciary duties it owed to the Included Plans and the participants in the Included Plans. Copies of the Complaint and certain other documents filed in the Action are available at www.statestreetERISAsettlement.com.

To settle the Action, a Gross Settlement Fund, consisting of $89,750,000.00 in cash has been paid by State Street into an account (the "Settlement Account"). The Gross Settlement Fund will also include any interest earned on the funds deposited into the Settlement Account. The Net Settlement Fund, consisting of the Gross Settlement Fund less certain amounts described in the Settlement Agreement (including taxes on any interest earned, costs of notice and administration of the Settlement, and Court-approved awards of attorneys' fees and expenses), will be allocated among the Included Plans in accordance with the Plan of Allocation to be approved by the Court (*see* response to Question 7 below for additional information concerning the Plan of Allocation).

The Class consists of:

All ERISA plans that, based on State Street's books and records, (a) invested in any of the Funds managed by State Street that are listed at Exhibit A hereto during the period from January 1, 2007 through and including December 31, 2007 (the "Class Period") and (b) incurred losses on their investments in any Fund in the third calendar quarter of 2007 (the "Included Plans"), together with the named fiduciaries of the Included Plans. Excluded from the Class are (i) ERISA Plans with whom State Street has previously executed a binding settlement agreement releasing any and all claims relating to the facts alleged in this litigation, and their named fiduciaries; (ii) the Apogee Enterprises, Inc. 401(k) Retirement Plan and its named fiduciaries; (iii) the ERISA Plans as to which the Prudential Retirement Insurance and Annuity Company ("PRIAC") filed a Complaint dated October 1, 2007 captioned Prudential Retirement Insurance and Annuity Company v. State Street Bank and Trust Company, et al., 07 civ 8488 (S.D.N.Y) and their named fiduciaries; (iv) the Federal National Mortgage Association Retirement Plan for Employees Not Covered Under Civil Service Retirement Law ("Fannie Mae") and its named fiduciaries; and (v) any ERISA plan sponsored by State Street and any of its parents, subsidiaries, or affiliates, and its named fiduciaries. For the sake of clarity, the term "Funds" shall not include any investment portfolio of SSgA Funds, a series mutual fund registered under the Investment Company Act of 1940, as amended.

*YOUR PLAN HAS ALREADY BEEN DETERMINED BY THE PARTIES TO BE A MEMBER OF THE PROPOSED CLASS.*

The Court-appointed Lead Plaintiffs and State Street have concluded that it is desirable that this Action be fully and finally settled on the terms and conditions set forth in the Settlement Agreement. As with any litigation, the Parties would face an uncertain outcome if this Action were to continue. Continued litigation of this Action against State Street could result in a judgment or verdict that is greater or less than the recovery under the Settlement Agreement – and could result in no recovery at all. This litigation has been vigorously contested from the outset. Throughout this litigation, Lead Plaintiffs and State Street have disagreed on both liability and damages, and they do not agree on the amount that would be recoverable even if the Lead Plaintiffs were to prevail at trial. State Street, among other things: (1) has denied, and continues to deny, the material allegations of the Complaint, and that the ERISA Action should be certified as a class action; (2) has denied, and continues to deny, any wrongdoing or liability whatsoever; (3) has stated that it believes that it acted at all times reasonably and prudently and in accordance with applicable law with respect to the Included Plans, their participants and beneficiaries; and (4) has asserted counterclaims under ERISA for contribution and indemnity on behalf of itself, and certain other claims under ERISA for breach of fiduciary duty on behalf of certain of the Included Plans and their participants and beneficiaries (the "Counterclaims"), against the Named Plaintiffs who have sued State Street (Plaintiffs' Lead Counsel believe the Counterclaims lack merit and the Named Plaintiffs have moved to dismiss them). State Street also represents that it is entering into the Settlement solely to avoid the cost, disruption, and uncertainty of litigation.

Based on its assessment of the risks of litigation (including the risk that, even if Plaintiffs were to prevail at trial, any recovery could be delayed for years during the pendency of post-trial motions and appeals, with no certainty that any award for Plaintiffs would not be reversed or reduced on appeal), as compared to the significant monetary benefits to the Included Plans under the proposed Settlement, the Court-appointed Lead Plaintiffs and Plaintiffs' Lead Counsel have determined that the proposed Settlement is in the best interests of the members of the Class, and recommend that it be approved.

## A. BASIC INFORMATION

### 1. Why Is This Notice Being Provided?

The Court has directed that this Notice be sent to the named fiduciaries of the Included Plans because they have a right to know about the proposed Settlement with State Street before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and any related objections and appeals are favorably resolved, the Net Settlement Fund will be allocated among the Included Plans according to a court-approved Plan of Allocation, and the Included Plans and their named fiduciaries, participants and beneficiaries of such Included Plans, will release State Street and the other Released Parties (consisting of State Street's current and former officers, directors, employees and affiliates, as more fully defined in the Settlement Agreement) from all Settled Claims, as set forth in the Settlement Agreement.

This Notice explains the ERISA Action, the Settlement, and the legal rights of the Included Plans and their named fiduciaries, participants, and beneficiaries with respect to the Settlement. The purpose of this Notice is to provide notice of a hearing (the "Fairness Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, and to consider the application of Lead Counsel for their attorneys' fees and reimbursement of litigation expenses.

The Fairness Hearing has been scheduled to be held at _:___ _.m. on ____ __, 2009 before the Honorable Richard J. Holwell in the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom __, 500 Pearl Street, New York, NY 10007, to determine:

      (a) Whether the Settlement should be approved as fair, reasonable, and adequate;

      (b) Whether the Complaint and the Counterclaims should be dismissed with prejudice pursuant to the terms of the Settlement;

      (c) Whether the Class Notice and the means of dissemination thereof pursuant to the Settlement Agreement: (i) are appropriate and reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (ii) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

      (d) Whether the Class should be certified pursuant to Fed. R. Civ. P. 23 for purposes of the Settlement and, with respect thereto, whether Plaintiffs' Lead Counsel should be appointed as Class Counsel pursuant to Fed. R. Civ. P. 23(g); and

      (e) Whether the application for attorneys' fees and expenses filed by Plaintiffs' Lead Counsel should be approved.

The issuance of this Notice is not an expression of the Court's opinion on the merits of any claim in the ERISA Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payment to the Included Plans will be made after all related appeals, if any, are favorably resolved and the Settlement has become Effective in accordance with its terms.

### 2. What is the Lawsuit About? What Has Happened so Far?

In this Action, Plaintiffs allege, among other things, that State Street was a fiduciary of the Included Plans (including Your Plan) and that it violated its fiduciary duties under ERISA by, *inter alia*, causing the Funds, in which the various Included Plans had invested and which State Street managed, to make imprudent investments in subprime asset backed securities and other inappropriate derivative instruments. Plaintiffs sought to recover from State Street the losses that

the Plans suffered when the value of the Funds' investments in these securities (and hence the value of the Included Plans' investments in the Funds) declined in the second half of 2007.

State Street denies that it has any liability to any of the Included Plans (including Your Plan), or to any of the Plans' participants or beneficiaries. If the litigation were to continue, State Street would raise numerous defenses to liability, including the following:

- State Street prudently managed the Funds and thus did not violate ERISA; and

- The Included Plans' losses were primarily attributable to (i) unprecedented market events during 2007 and (ii) decisions made by other fiduciaries of those plans.

In addition, State Street has asserted Counterclaims for contribution and indemnity under ERISA, as well as claims for breach of fiduciary duty under ERISA, against certain of the Named Plaintiffs who are plan fiduciaries. If this Action were to continue be litigated through summary judgment and a trial, it is possible that State Street would have attempted to interpose similar counterclaims against other named fiduciaries of the Included Plans in connection with the matters alleged in the Complaint, and which would have alleged, *inter alia*, that the named fiduciaries of other Included Plans also breached their fiduciary duties under ERISA by allowing their Plan's assets to be or continue to be invested in the Funds, and/or that they should have taken steps earlier to cause their Plans to sell their interests in the Funds. As noted above, the Named Plaintiffs who were named as defendants in State Street's Counterclaims have moved to dismiss the Counterclaims for failure to state a claim upon which relief may be granted, and this motion was fully briefed at the time the Settlement was reached. Under the proposed Settlement, the Counterclaims will be dismissed and State Street (on behalf of itself and the Released Parties) will release all named fiduciaries and Included Plans that are members of the Class from any similar claims relating to any of the facts, circumstances or claims asserted in the Counterclaims.

Plaintiffs' Lead Counsel have conducted extensive discovery regarding the facts and claims in the Action. This discovery has included (a) obtaining and reviewing approximately 966,000 documents produced by State Street (comprising more than 13 million pages), as well as a smaller number of documents produced by other entities; (b) reviewing publicly available copies of State Street's press releases, public statements, news articles, filings with the Securities and Exchange Commission ("SEC"), and other public statements; (c) deposing over 30 current and former State Street officers and employees concerning the matters alleged in the Complaint; and (d) defending the depositions of the Named Plaintiffs and collecting and reviewing their documents. In addition, although the Settlement was reached before the completion of expert discovery, Plaintiffs' Lead Counsel also consulted extensively with various experts having significant expertise in matters relating to (i) subprime asset-backed and other securities and derivatives of the type that the State Street managed Funds invested in; (ii) prudent investment management practices and industry-standard portfolio and risk management systems and practices; and (iii) fiduciary duty standards under ERISA. In addition, Lead Counsel also sought and obtained access to and reviewed certain additional discovery (including transcripts of depositions) that was obtained by certain government regulators. Although discovery was ongoing at the time the Settlement was reached, Plaintiffs' Lead Counsel believe

they had acquired ample information concerning the strengths and weaknesses of Plaintiffs' case to make an informed decision concerning the desirability of entering into the Settlement at the time it was negotiated.

The Settlement is the product of extensive arm's-length negotiations between Plaintiffs' Lead Counsel and counsel for defendant State Street. These negotiations were conducted under the supervision of the Hon. Nicholas H. Politan, a retired federal district court judge with extensive experience in mediating complex class actions. Initial settlement discussions, which took place over a two day mediation in October 2008, were unsuccessful. After approximately seven months of additional document and deposition discovery conducted by Plaintiffs' Lead Counsel, the Parties agreed to resume settlement discussions, resulting in the Settlement described here. Even then, the terms of the Settlement were only reached after additional meetings and numerous additional telephone conferences that extended over more than a month, during which the terms of the Settlement were extensively debated and negotiated under the auspices of Judge Politan.

## 4. ~~5.~~ Why is This Case a Class Action?

In a class action, one or more plaintiffs, called "named" and/or "lead" plaintiffs, sue on behalf of persons or entities who have similar claims. All of the Included Plans (including their respective named fiduciaries) on whose behalf Lead Plaintiffs in this Action are suing are members of the "Class" referred to in this Notice, and Lead Plaintiffs allege that their claims against State Street are similar to, and typical of, the claims of the other Included Plans who are members of the Class. By bringing this case as a class action, the Court is able to resolve the claims of all Class members, without requiring each individual Class member to incur the time and expense of bringing its own separate action.

## 5. ~~4.~~ Why is There a Settlement?

The Court has not expressed any opinions or reached any decisions whatsoever on the merits of Plaintiffs' claims against State Street. Instead, the Lead Plaintiffs and State Street have agreed to a settlement to resolve the Action. In reaching the Settlement, they have avoided the time and expense of continued litigation, including (a) the costs of completing additional fact discovery; (b) the costs of preparing multiple expert reports and completing expert discovery; (c) the likely costs of briefing complex summary judgment motions on liability and damages; (d) the costs of trial; (e) the likely costs of post-trial motions; and (f) the likely costs of litigating subsequent appeals by whichever side lost at trial. As with any litigation, Plaintiffs would face an uncertain outcome if this case proceeded, including the risk of not prevailing at trial. On the one hand, pursuing the case against State Street could result in a verdict that would provide a greater recovery than the Settlement. On the other hand, continuing the case against State Street could result in a verdict for less money than Lead Plaintiffs have obtained in this Settlement -- or no recovery at all. For example, were this case to go to trial, State Street would likely offer the testimony of expert witnesses that its portfolio and risk management systems were adequate, and that State Street exercised the appropriate level of care in managing the Funds' assets, and that State Street is not responsible for all (or at least most) of the Class's damages, which State Street may claim were the result of unprecedented unforeseen and sudden changes in financial markets, and the conduct of other fiduciaries of the Included Plans. Although Plaintiffs' Lead Counsel

12017802_6.DOC                                          9

Insert language from companion order as new "3."

believe that their experts would have had persuasive responses to such arguments, the outcomes in cases involving competing expert testimony on complex financial issues are largely dependent on perceptions of the competing experts' credibility, and are particularly difficult to predict with any certainty. Based on the foregoing considerations and their analysis of the totality of the particular risks and circumstances presented by this case, Lead Plaintiffs and Lead Counsel have concluded that the proposed Settlement is in the best interests of the Class.

### 5. Who is Included in the Class?

The Court has preliminarily certified this Action as a class action. The Class consists of:

> All ERISA plans that, based on State Street's books and records, (a) invested in any of the Funds managed by Defendant that are listed at Schedule A attached hereto during the period from January 1, 2007 through and including December 31, 2007 (the "Class Period") and (b) incurred losses on their investments in any Fund in the third calendar quarter of 2007 (the "Included Plans"), together with the named fiduciaries of the Included Plans. Excluded from the Class are (i) ERISA plans with whom State Street has previously executed a binding settlement agreement releasing any and all claims relating to the facts alleged in this litigation, and their named fiduciaries; (ii) the Apogee Enterprises, Inc. 401(k) Retirement Plan and its named fiduciaries; (iii) the ERISA Plans as to which the Prudential Retirement Insurance and Annuity Company ("PRIAC") filed a Complaint dated October 1, 2007 captioned Prudential Retirement Insurance and Annuity Company v. State Street Bank and Trust Company, et al., 07 civ 8488 (S.D.N.Y) and their named fiduciaries; (iv) the Federal National Mortgage Association Retirement Plan for Employees Not Covered Under Civil Service Retirement Law ("Fannie Mae") and its named fiduciaries; and (v) any ERISA plan sponsored by State Street and any of its parents, subsidiaries, or affiliates, and its named fiduciaries. For the sake of clarity, the term "Funds" shall not include any investment portfolio of SSgA Funds, a series mutual fund registered under the Investment Company Act of 1940, as amended.

*YOUR PLAN HAS ALREADY BEEN DETERMINED BY THE PARTIES TO BE A MEMBER OF THE PROPOSED CLASS.*

### 6. What Does the Settlement Provide?

The Settlement provides for the payment by State Street of $89,750,000.00 in cash into a Settlement Account. This amount, plus any interest earned thereon, will comprise the Gross Settlement Fund. The Settlement further provides that the Net Settlement Fund (consisting of the Gross Settlement Fund less taxes, costs of notice and administration, and Court-approved attorneys' fees and expenses) will be distributed to the Included Plans according to the Plan of Allocation. The Plan of Allocation is described in further detail in the response to Question 7 below. Disbursement of each Included Plan's share of the Net Settlement Fund will be made once the Settlement has become Final and Effective, which will not occur until, *inter alia*, the Court has approved the Settlement and the Plan of Allocation, and any appeals relating to the Settlement are favorably decided (or the time for any appeals have expired).

The Settlement further provides that each Included Plan and its named fiduciaries, participants and beneficiaries of such Included Plan, will release all "Settled Claims" against State Street and the other Released Defendant Parties.

The Released Defendant Parties consist of State Street, its past and present trustees, directors, officers, employees, contractors, auditors, principals, agents, attorneys, predecessors and successors in interest, parents (including, but not limited to, State Street Corporation), subsidiaries, divisions, and State Street Global Advisors, Inc. The Settled Claims, which are more fully defined in the Settlement Agreement, consist of all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Class (a) asserted in the Complaint, or (b) could have asserted in any forum that arise or arose out of, or are based upon the allegations, transactions, facts, matters or occurrences, acts or omissions involved, set forth, or referred to in the Complaint, and that relate to the purchase or holding of any Fund by any Included Plan during the Class Period (except for claims relating to enforcement of the Settlement). The final order and judgment to be entered in this Action shall provide for the dismissal with prejudice of all claims asserted in the Complaint, for the release of all Released Claims as against the defendant State Street and the other Released Defendant Parties, and shall permanently enjoin all Included Plans and their named fiduciaries, participants and beneficiaries from asserting any Released Claim against State Street or any Released Defendant Party.

In addition, State Street, on behalf of itself and the other Released Parties, will release all "Released Defendants' Claims" that they may have against each of the Lead Plaintiffs and each member of the Class and the other Released Plaintiff Parties. The Released Plaintiff Parties consist of the Named Plaintiffs, each of the Included Plans and the named fiduciaries thereof, and any of these persons' or entities' past and present trustees, named fiduciaries, directors, officers, employees, auditors, principals, attorneys, predecessors, successors, parents, subsidiaries, divisions, participants, and beneficiaries. The Released Defendants' Claims consist of all claims and causes of action of every nature and description whether known or unknown, whether arising under federal, state, common, or foreign law, (a) that State Street or any of the Released Defendant Parties asserted in State Street's Counterclaims, or (b) that could have been asserted in any forum that arise or arose out of or are based upon the allegations, transactions, facts, matters or occurrences, acts or omissions involved, set forth, or referred to in the Complaint or the Counterclaims, and that relate to the purchase or holding of any Fund by any Included Plan (except for claims relating to the enforcement of the Settlement). The final order and judgment to be entered in this action shall provide for the dismissal with prejudice of all claims asserted in the Counterclaim, and shall permanently enjoin State Street and the other Released Defendant Parties from asserting any Released Defendants' Claims against any Lead Plaintiff, Class Member, or other Released Plaintiff Party. Pursuant to certain supplemental agreements entered into by the Parties, (a) under certain circumstances the Settlement may be terminated by State Street in the event that Included Plans (subject to certain exclusions) with Capital Losses (*see* response to question 7 below) exceeding a certain threshold level submit timely and valid opt-out requests (*see* response to question 9 below); (b) under certain circumstances State Street agrees to increase the Settlement Amount if one or more Included Plans opts out of the Settlement and State Street were to thereafter enter into a separate settlement agreement with one or more of such opt-outs; (c) under certain circumstances a portion of the Settlement Amount may be returned to State Street (in which case any such return

of funds will not result in a reduction of any Included Plan's *pro rata* share of the Gross Settlement Fund before payment of such Included Plan's *pro rata* share of taxes, Notice and Administration Costs and attorneys' fees and expenses); and (d) State Street has provided certain representations and warranties with respect to the Included Plans that invested in and incurred losses in any Fund during any part of the third calendar quarter of 2007 and the amount of the Capital Loss of each Included Plan, as reflected on State Street's books and records.

### 7. How Will the Settlement Fund Be Allocated?

The Plan of Allocation provides for the allocation of the Net Settlement Fund among the Included Plans on a *pro rata* basis based on their respective "Capital Losses." For this purpose, an Included Plan's Capital Loss is defined as the difference between (1) the value of the Included Plan's total investments in State Street-managed Funds as of the close of business on June 30, 2007 and (2) the value of the Included Plan's investments in that Fund as of the earlier of (a) the close of business on September 30, 2007, or (b) the date the Included Plan's investment in that Fund was redeemed, as reflected by (i) State Street's books and records and (ii) statements provided by State Street to its clients. Under the Plan of Allocation, each Included Plan will receive approximately 58.05% of its total Capital Losses, less that Plan's *pro rata* share of (x) taxes on interest earned on the Gross Settlement Fund, (y) costs of notice and administration, and (z) Court-awarded attorneys' fees and expenses.

The transmittal letter that accompanies the copies of this Notice that have been mailed to named fiduciaries sets forth the calculation of Your Plan's total Capital Losses based on State Street's books and records. Each Included Plan has the right to submit evidence that its actual Capital Loss, calculated based on account statements provided to it by State Street, is higher than the number provided to it. Because State Street has warranted to Lead Plaintiffs that it has provided complete and accurate information to Lead Plaintiffs concerning (1) the total value of each Included Plan's (including Your Plan's) investments in State Street-managed Funds as of the close of business on June 30, 2007, and (2) the value of each Included Plan's (including Your Plan's) investments in those Funds as of the earlier of (a) the close of business on September 30, 2007, or (b) the date the plan's investment in that Fund was redeemed, Lead Plaintiffs do not expect that there will be any challenges to the correctness of any Included Plan's Capital Loss as calculated based on State Street's books and records. Nonetheless, the Settlement provides that, in the event of any disputes concerning which Capital Loss number should be used for any given Included Plan, the dispute shall be submitted to retired United States District Court Judge Nicholas H. Politan (or a substitute arbitrator appointed by the Court, if Judge Politan is unable to hear the dispute) for binding, final and non-appealable resolution of the matter. If one or more Included Plans were to establish that the more appropriate Capital Loss figure for their Plan is higher then the Capital Loss figure originally calculated for their Plan based on State Street's books and records, it is possible that each other Included Plan's share of the Gross Settlement Fund will be reduced, on a *pro rata* basis, to less than 58.05% of its Capital Loss.

In the event that you are a named fiduciary and you believe that Your Plan's Capital Loss is not correctly set forth on the transmittal letter accompanying this Notice and that Your Plan's Capital Loss amount would be higher if calculated based on information contained in the account statements that Your Plan received from State Street, your must submit a letter to the Claims

12017802_6.DOC

Administrator by First Class Mail (preferably Certified First Class Mail, return receipt requested), stating what you believe Your Plan's Capital Loss figure is based on account statements provided to Your Plan by State Street, together with copies of such account statements and any other supporting documentation, by [50 days prior to the Fairness Hearing]_____, 2009 , at the following address:

> Garden City Group, Inc.
> State Street Bank and Trust Co. ERISA Litigation
> P.O. Box 9526
> Dublin, OH 43017-4826

*Do not send originals of any supporting documentation to the Claims Administrator. If you are a named fiduciary, unless you have reason to believe that Your Plan's Capital Loss amount (which has been calculated for Your Plan based on State Street's books and records and verified by State Street) is in error, you do NOT need to take any further action to establish Your Plan's Capital Loss, and Your Plan's pro rata share of the Net Settlement Fund will be calculated based on the Capital Loss number set forth in the transmittal letter.*

### 8.  When Will My Plan Receive Payment?

Payment to the Included Plans under the Settlement is conditioned on several matters, including (a) entry of an order by the Court approving the Settlement; (b) affirmation of that order on all subsequent appeals or requests for appellate review, or the expiration of time for any appeals of such order. For a fuller description of all conditions required to be satisfied for the Settlement to become final and effective, see the Settlement Agreement, available at www.statestreetERISAsettlement.com. As soon as reasonably practicable after the Settlement becomes Final and Effective as defined herein, the Net Settlement Fund will be allocated and distributed to the Included Plans in accordance with the Plan of Allocation described above. If the Settlement is not approved by the Court, or the Court's approval order is overturned on appeal, or the Settlement is otherwise terminated in accordance with its terms, the Parties will return to their respective positions as they existed as of early June 2009, the ERISA Action will proceed as if the Settlement had not been reached, and the existence of the proposed Settlement may not be introduced as evidence for any purpose in the subsequent litigation.

### 9.  Can a Plan Opt Out of the Settlement? What is the Procedure for Opting Out?

The Settlement provides that only a named fiduciary of an Included Plan may cause that Included Plan to exclude itself ("opt out") from the Settlement. To do so, a named fiduciary must send a letter signed by the named fiduciary or an authorized representative thereof clearly manifesting an intent that the subject Included Plan requests exclusion from the Class in the State Street ERISA Litigation. The letter must include the full legal name of the Plan, the name, telephone number and address of the named fiduciary or other duly authorized person(s) executing the opt-out request on behalf of an Included Plan. The written opt out request must also state the title or position of each person submitting the exclusion request on behalf of an Included Plan, and include a statement that the person(s) executing the request is authorized to do so on behalf of the Included Plan. Any requests for exclusion must be mailed by First Class

Mail (preferably by Certified First Class Mail, Return Receipt Requested) postmarked no later than forty days before the Fairness Hearing, or [DATE] to the Claims Administrator at the following address:

> Garden City Group, Inc.
> State Street Bank and Trust Co. ERISA Litigation
> P.O. Box 9526
> Dublin, OH 43017-4826

### 10. What is the Effect of Opting Out?

An Included Plan that opts out of the Settlement will not receive any share of the Gross or Net Settlement Fund, or any other proceeds under the Settlement. Further, any Included Plan that opts out of the Settlement (including its named fiduciaries) will not be bound by the provisions of the Settlement that prevent any Class Member from suing State Street based on any of the Settled Claims. Therefore, if an Included Plan's named fiduciaries would prefer to bring their own suit against State Street for any of the Settled Claims -- instead of having that Included Plan receive its *pro rata* share of the Net Settlement Fund -- the Plan's named fiduciaries must submit a request to opt out of the Settlement on behalf of the Plan. In addition, if an Included Plan opts out of the Settlement, neither State Street nor the other Defendant Released Parties will be barred from asserting any of the Released Defendants' Claims against any of the Included Plans, the Included Plans' named fiduciaries, participants or beneficiaries, or any of the other Released Plaintiff Parties.

### B. THE LAWYERS REPRESENTING THE CLASS

### 11. Who Are the Lawyers for the Class in This Case?

The Court has appointed the law firms of Bernstein Litowitz Berger & Grossmann LLP, Keller Rohrback L.L.P., and Berman DeValerio, the lawyers for the Lead and Named Plaintiffs, to serve as co-lead counsel ("Lead Counsel") for the proposed Class. Your Plan will not be charged directly by these lawyers, who have brought this Action entirely on a contingent fee basis. If you or Your Plan want to be represented by your own lawyer, you may hire one, but at your own expense.

### 12. How Will the Lawyers be Paid?

Plaintiffs' Lead Counsel will apply for an award of attorneys' fees of not more than 27.5% of the Gross Settlement Fund, and for reimbursement of their expenses incurred in connection with their prosecution of this litigation (most of which consist of expert fees, document management costs, and court reporter and travel expenses incurred in connection with Lead Counsel's role in deposing over thirty witnesses in various locations across the country) in an amount not to exceed $_____. Any award of fees and additional expenses will be paid from the Gross Settlement Fund prior to allocation and payment to the Included Plans that are members of the Class. Plaintiffs' Lead Counsel's written application for fees and expenses will be filed by ____, and the Court will consider the reasonableness of this application at the Fairness Hearing.

A copy of the application will be available at www.statestreetERISAsettlement.com, or by a requesting a copy from Lead Counsel.

To date, Plaintiffs' Lead Counsel have received no payment for any of their services in prosecuting the Action on behalf of the Class, nor have they been reimbursed for any of their out-of-pocket expenses. The attorneys' fee award to be requested by Plaintiffs' Lead Counsel will compensate them for their efforts in achieving the Settlement for the benefit of the Class, taking into account (among other factors) the results achieved and the risks that Plaintiffs' Lead Counsel assumed in undertaking this representation on a purely contingent fee basis. The Court will determine the actual amount of any award of attorneys' fees and expenses.

## C. OBJECTING TO THE SETTLEMENT OR THE ATTORNEYS' FEES

### 13. How Do I Tell the Court if I Don't Like the Settlement or the Proposed Request for Attorneys' Fees or Expenses?

A named fiduciary of an Included Plan that is a member of the Class, or a participant or beneficiary of an Included Plan, may appear at the Fairness Hearing and explain (i) why they think the proposed Settlement of this Action should not be approved as fair, reasonable and adequate; (ii) why they think that a judgment and order granting final approval of the settlement should not be entered; and/or (iii) why any requested application for an award of attorneys' fees and expenses should not be granted in whole or in part; PROVIDED, however, that no such person shall be heard or entitled to contest such matters unless they or it have timely filed with the Court their objections in writing. Such written objections must: (a) state all the supporting bases and reasons for the objection; (b) set forth proof of their membership in the Class; (c) clearly identify any and all witnesses, documents and any other evidence of any kind that they may wish to present at the Fairness Hearing in connection with such objections; and (d) provide a summary description of the substance of any testimony that they may wish to offer themselves or through any supporting witnesses in support of their objections.

To object, you must send a letter or other written statement saying that you object to the Settlement and/or the application for an award of attorneys' fees and expenses in *In re State Street Bank & Trust Co. ERISA Litigation*, Master File No. 07-civ-8488 (RJH). Be sure to include your name, address, telephone number, signature, and all of the information required to be submitted listed in items (a) through (d) in the preceding paragraph. **Your written objection, together with all required supporting documents, must be BOTH (a) filed with the Clerk of Court c/o of the address listed below, and (b) served upon both of the counsel listed below, by no later than _____:**

Address for filing copies of written objections (including supporting documentation) with the Clerk of the Court (copies MUST be postmarked by _____, 200__):

Clerk of the Court
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, New York, NY  10007-1312

Re: Case No. 07-civ-8488 (RJH)

<u>Addresses for serving a copies of written objections (including supporting documentation) on Counsel (copies MUST be postmarked by _____ , 200 ):</u>

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
Attn: William C. Fredericks
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
(on behalf of Plaintiffs)

ROPES & GRAY LLP
Attn: Harvey J. Wolkoff
One International Place
Boston, MA 02110
Telephone: (617)-951-7000
Facsimile: (617)-951-7050
(on behalf of Defendants)

### 14. What Is The Difference Between Objecting And Opting Out of The Class?

Objecting is simply telling the Court that you disapprove of some aspect of the Settlement. You can object only if Your Plan stays in the Class. If an Included Plan opts out of the Class, it will no longer be part of the Class or participate in the Settlement.

**UNLESS OTHERWISE ORDERED BY THE COURT, ANY CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED HEREIN WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL BE FOREVER FORECLOSED FROM MAKING ANY OBJECTION TO THE PROPOSED SETTLEMENT AND THE REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES.**

### D. THE COURT'S FAIRNESS HEARING

### 15. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court is scheduled to hold a Fairness Hearing at ____ .m. on _____ , at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom __, 500 Pearl Street, New York, New York 10007-1312.

**IF YOU DO NOT WISH TO OBJECT TO THE PROPOSED SETTLEMENT OR THE APPLICATION FOR ATTORNEYS' FEES AND EXPENSES, YOU NEED NOT ATTEND THE FAIRNESS HEARING.**

At the hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to approve the Settlement and Plan of Allocation, and to certify the Class. The Court will also consider the motions for attorneys' fees and expenses, as well as the proposed Plan of Allocation.

### 16. Do I Have to Come to the Hearing?

Plaintiffs' Lead Counsel will answer any questions that the Court may have at the Fairness Hearing. You are welcome to come at your own expense. If you send an objection to the Court in writing, you do not have to come to Court to talk about it. As long as you mailed your written objection on or before the deadline set forth above for submitting objections, it will be before the Court when the Court considers whether to approve the Settlement and Plan of Allocation as fair, reasonable, and adequate, and whether to approve the request for an award of attorneys' fees and expenses as fair, reasonable and appropriate. You may also have your own lawyer attend the Fairness Hearing at your expense, but such attendance is not required.

### 17. May I Speak at the Hearing?

If you are a Named Fiduciary or another duly authorized representative of an Included Plan that is a member of the Class, or if you are a participant or beneficiary of an Included Plan, and you have filed a timely objection, and if you wish to speak, present evidence or present testimony at the Fairness Hearing, you must ask the Court for permission to speak in your written objection and identify any witnesses whom you intend to call or evidence you intend to present. See response to Question 13, above.

The Fairness Hearing may be rescheduled by the Court without further notice to the Class. If you wish to attend the Fairness Hearing, you should confirm the date and time with one of Plaintiffs' Lead Counsel.

## E. WHAT HAPPENS IF YOU DO NOTHING

### 18. What Happens if I Do Nothing?

It is not necessary for plan participants or beneficiaries to take any action for Your Plan to participate in the Settlement and receive a portion of the Settlement Amount as described above in this Notice (provided that the Settlement is approved and becomes Final and Effective in accordance with the terms of the Settlement Agreement), nor is any action required from any named fiduciary of Your Plan to receive a portion of the Settlement Amount. In addition, (a) you and Your Plan and its named fiduciaries, participants and beneficiaries , will be deemed to have released and will be enjoined from asserting any and all Settled Claims against State Street and any of the other Released Defendant Parties; and (b) State Street, on behalf of itself and the other Released Defendants Parties, will be deemed to have released and be enjoined from asserting any and all Released Defendants' Claims against the Released Plaintiff Parties. Please note, however, that if you are a named fiduciary of Your Plan, the Court has directed you to provide a summary notice to Your Plan's participants and beneficiaries as described in the preamble, above.

## GETTING MORE INFORMATION

This Notice summarizes the terms of the Settlement, but it is only a summary. For a fuller description of the terms of the Settlement, please refer to the text of the Settlement Agreement. You may obtain a copy of the Settlement Agreement by contacting the Claims Administrator at the address listed at page __ above. Copies of the Settlement Agreement and various other court filings relating to this Action can also be viewed at www.statestreetERISAsettlement.com.

DATED: _____, 2009.                    BY ORDER OF THE COURT

SCHEDULE A:
LIST OF STATE STREET FUNDS

- Balanced Growth Active SL Fund
- Intermediate Bond Fund SL
- Short Term Bond SL
- Mortgage Fund
- Bond Market Fund
- Libor Plus
- Enhanced Dow Jones-AIG Commodities CTF
- Government Bond CTF
- Core Bond II SL CTF
- Equities Plus CM512
- Absolute Return Mortgage Fund
- Government Credit Bond Fund
- Balanced SL Series Fund -Class A
- Bond Market Fund CTF
- Bond Market Non-Lending Series Fund Class A
- Government Credit Bond Fund Series A
- Government Credit Bond Fund -ERISA -Class C
- Intermediate Bond SL Series Fund Class A
- Short Term Bond Fund CTF
- High Yield Bond CTF
- Intermediate Bond CTF
- Asset Backed/CMBS Fund
- Government Fund
- Limited Duration Bond Fund
- Credit Bond CTF
- Mortgage Backed Securities CTF
- Limited Duration Bond CTF
- Global Fixed Income Opportunities SL Fund

# EXHIBIT 2

**Notice of Settlement of Class Action Arising Out of Losses Suffered By ERISA Plans In
Certain Commingled Funds Managed by State Street**

The _____ [INSERT NAME OF PLAN(s) HERE] ("Your Plan"), has recently
been advised by a federal court (the "Court") that it is a member of the plaintiff Class (an
"Included Plan") in a consolidated class action captioned *In re State Street Bank and Trust Co.
ERISA Litigation* (S.D.N.Y.), Master File No. 07-cv-8488 (RJH), case nos. 07-civ-9319, 07-civ-
9687 and 08-civ-0265 (the "Action"), and that the parties in this Action have reached a
Settlement, subject to Court approval. The Action alleges that State Street Bank and Trust
Company ("State Street") violated its fiduciary duties under the Employee Retirement Income
Security Act ("ERISA") to the Included Plans by, *inter alia*, imprudently managing certain
unregistered commingled funds (the "Funds") that the Included Plans had invested in during the
period January 1, 2007 to December 31, 2007 (the "Class Period"), thereby causing the Funds to
incur losses. For the sake of clarity, the term "Funds" shall not include any investment portfolio
of SSgA Funds, a series mutual fund registered under the Investment Company Act of 1940, as
amended.

In brief, under the Settlement, State Street has agreed to pay for the benefit of the
Included Plans a total of $89,750,000.00. Court-appointed counsel for plaintiffs estimate that, if
the Settlement is approved and becomes effective, each Included Plan (including Your Plan) will
recover (i) roughly 58.05% of the "Capital Losses" (as defined in the Settlement Agreement) it
suffered on its investment in Funds during the third quarter of 2007, less (ii) that Included Plan's
*pro rata* share of taxes, notice and administration costs, and Court-awarded attorneys' fees
(which counsel have agreed to cap at 27.5% of the recovery) and litigation expenses. Under the
Settlement, (a) each Included Plan and their named fiduciaries, participants and beneficiaries will
also release any claims against State Street (and certain of State Street's affiliated persons and
entities) that were or could have been asserted against them in the Action or that otherwise relate
to the matters alleged in the Action, and that relate to the purchase or holding of any Fund during
the Class Period; and (b) State Street, on behalf of itself and its affiliates, will release any claims
that were or could have been asserted against the Included Plans and their named fiduciaries,
participants, or beneficiaries, or that otherwise relate to the matters alleged in certain
Counterclaims filed by State Street, and that relate to the purchase or holding of any Fund during
the Class Period. The Court has directed us to advise you that no action on your part is required,
but that, *if* you so choose, you may obtain more detailed information about the Settlement,
including information about the process and deadlines for submitting any objections to the
Settlement or to class counsel's request for attorneys' fees and reimbursement of expenses, at
www.statestreetERISAsettlement.com. *You do not need to take any action for Your Plan to
become eligible to receive benefits under the Settlement.*

12017804_5.DOC

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE STATE STREET BANK AND TRUST
CO. ERISA LITIGATION

This Document Relates To:
No. 07 Civ. 9319
No. 07 Civ. 9687
No. 08 Civ. 0265

MDL DOCKET No. 1945

Master File No. 07-cv-8488 (RJH)

ECF Case

## NOTICE OF PROPOSED SETTLEMENT OF ERISA CLASS ACTION, SETTLEMENT FAIRNESS HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

TO:   THE NAMED FIDUCIARIES, PARTICIPANTS AND BENEFICIARIES OF
ERISA PLANS THAT HELD OR OWNED SHARES OF COMMINGLED
FUNDS MANAGED BY STATE STREET BANK AND TRUST COMPANY
("STATE STREET") AT ANY TIME FROM JANUARY 1, 2007 TO
DECEMBER 31, 2007.

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS AND THE
RIGHTS OF YOUR ERISA PLAN MAY BE AFFECTED BY A CLASS
ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure
and an Order of the United States District Court for the Southern District of New York, that a
proposed settlement in the amount of $89,750,000.00 has been reached in the consolidated
ERISA Class Actions (collectively, the "Action") originally filed under docket nos. 07-Civ-9319,
07-Civ-9687 and 08-Civ-0265 and subsequently consolidated by the Court under docket no. 07-
Civ-8488. The terms and conditions of the proposed settlement are set forth in a Settlement
Agreement dated _____, 2009 (the "Settlement Agreement"). The Action has been brought
as a class action on behalf of a class of ERISA Plans that invested in unregistered commingled
funds (listed at Schedule A of the Settlement Agreement) (the "Funds") that were managed by
State Street. For the sake of clarity, the term "Funds" shall not include any investment portfolio
of SSgA Funds, a series mutual fund registered under the Investment Company Act of 1940, as
amended. The Action alleges that State Street violated its fiduciary duties under the Employee
Retirement Income Security Act ("ERISA") by, *inter alia,* imprudently managing the Funds,
causing the various ERISA Plans to suffer losses.

IF YOU ARE A FIDUCIARY OF AN ERISA PLAN THAT INVESTED IN
OR OWNED SHARES IN ANY OF THE STATE STREET FUNDS AS
DEFINED ABOVE DURING THE PERIOD JANUARY 1, 2007 TO

12017805_6.DOC

DECEMBER 31, 2007 (THE "CLASS PERIOD"), YOU AND YOUR PLAN MAY BE MEMBERS OF THE PROPOSED CLASS.

Copies of the Settlement Agreement and the Notice of Proposed Settlement of ERISA Class Action Litigation, Final Settlement Fairness Hearing, and Application for Attorneys' Fees and Reimbursement of Expenses (the "Notice") are available at www.statestreetERISAsettlement, or by contacting the Claims Administrator at:

> Garden City Group, Inc.
> State Street Bank and Trust Co. ERISA Litigation
> P.O. Box 9526
> Dublin, OH 43017-4826

You are further advised that a hearing will be held before the Honorable Richard J. Holwell, U.S. District Judge for the United States District Court for the Southern District of New York, at the Daniel Patrick Moynihan United States Courthouse, Courtroom __, 500 Pearl Street, New York, NY, _____, at __:__ __.m. on _____ __, 2009 to (i) determine whether the proposed Settlement should be approved by the Court as fair, reasonable, and adequate; (ii) consider the application of Co-Lead Counsel for an award of attorneys' fees and reimbursement of litigation expenses; and (iii) determine certain other matters described in the Notice.

IF YOUR ERISA PLAN IS A CLASS MEMBER AS SET FORTH IN THE SETTLEMENT AGREEMENT AND NOTICE, OR IF YOU ARE A NAMED FIDUCIARY, PARTICIPANT OR BENEFICIARY OF SUCH PLAN, YOUR RIGHTS WILL BE AFFECTED BY THE PENDING ACTION AND THE SETTLEMENT, AND YOUR PLAN MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND.

If you are a named fiduciary of an ERISA plan that is a member of the Class (or a participant or beneficiary thereof), and your ERISA Plan does not exclude itself from the Class, your ERISA plan and its named fiduciaries, participants and beneficiaries will be bound by any judgment entered in the Action. If you are a named fiduciary and wish to exclude your ERISA plan (if it is an Included Plan) from the Class, you must submit a request for exclusion postmarked no later than forty (40) days before the hearing described above, which means _____ __, 2009, in accordance with the instructions set forth in the Notice. Any objections to the proposed Settlement, Plan of Allocation and/or application for an award of attorneys' fees and reimbursement of litigation expenses must be filed with the Court and delivered to Co-Lead Counsel for the Class listed below no later than _____ __, 2009 in accordance with the instructions set forth in the Notice. If your ERISA Plan excludes itself from the Class, it will not share in the Settlement Fund.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. Inquiries, other than requests for the Notice, may be made to Lead Counsel:

12017805_6.DOC

William C. Fredericks, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019

Patrick T. Egan, Esq.
Berman DeValerio
One Liberty Square
Boston, MA 02109

Derek W. Loeser, Esq.
Keller Rohrback LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101

Dated: _____, 2009

**BY ORDER OF THE COURT**

12017805_6.DOC